◼ PAUL G. HACKFORD et al., Appellants, v. HARRY R. JONES et al., Constituting the Town Board of the Town of Amherst, et al., Respondents.— Order unanimously modified by deleting therefrom the last two ordering paragraphs, and as so modified affirmed, without costs. Memorandum: The last two ordering paragraphs are not necessary to a decision. The contemplated present use of the property was known, considered, and permitted by the Town Board. If the stricken paragraphs are intended to regulate the future use of the property they are improper. If, in the future there are violations of the zoning laws, that problem may be considered and determined in view of the circumstances as they may exist at that time. There may be many factors in the future not now ascertainable, such as zoning amendments, change of circumstances, and the like. The stricken paragraphs might cause unnecessary confusion. (Appeal from order of Erie Special Term dismissing petition with certain limitations.) Present — Williams, P. J., Bastow, Goldman, Henry and Del Vecchio, JJ.

◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES TAYLOR, Appellant.— Order unanimously reversed and matter remitted to Erie County Court for a hearing. Memorandum: This is an appeal from an order denying appellant's application for a writ of error *coram nobis* without a hearing. In 1954, while on parole from a sentence for a prior felony, appellant committed the felony for which he was sentenced as a second offender to a term of 15 to 20 years. At that time, section 219 of the Correction Law required that the prisoner first serve the remaining portion of the maximum term of the sentence on which he was paroled. Section 218 of the Correction Law provided that the second sentence was deemed to commence and run concurrently after the prisoner served 5 years of his delinquent time. Sections 219 and 218 were amended in 1960 to make the service of delinquent time permissive rather than mandatory. Thereafter the Commissioner of Correction reviewed the sentence of all prisoners and directed that parole violators whose delinquent time would have expired on or before July 1, 1960, the effective date of the amendment, be deemed to have commenced service of the new sentence on that date. In *Matter of Mulligan* v. *Murphy* (14 N Y 2d 223) this procedure was approved and section 219 was held to have no retroactive application. In such circumstances, the appellant would not be eligible for parole until he has served at least 10 years. (Correction Law, § 211; Penal Law, § 1944). There is some indication in the record that the court believed that the defendant would immediately be eligible for parole at the time of the resentence. On this record we cannot determine that a misunderstanding of the application of section 219 of the Correction Law did not affect the sentence and for that reason a hearing should be held before the Judge who pronounced the resentence. (Appeal from order of Erie County Court denying without a hearing motion to vacate judgment of conviction for robbery, first degree, rendered April 1, 1965.) Present — Bastow, J. P., Goldman, Henry, Del Vecchio and Marsh, JJ.