■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GRANT BENTON, Appellant.—Judgment unanimously reversed on the law, plea vacated and defendant remanded to Supreme Court, Erie County, for further proceedings on the indictment. Memorandum: Defendant agreed to enter a plea of guilty to robbery in the second degree in satisfaction of a three-count indictment. At the plea colloquy, however, he advised the court that he had no recollection of the alleged criminal activity because he had consumed several pills and a quart each of vodka and wine. Following that revelation the court asked defendant if he recalled anything that happened that day and defendant responded that he did not. The court asked the prosecutor whether the People would consent to a plea pursuant to *North Carolina v Alford* (400 US 25). The prosecutor consented and the court accepted the *Alford* plea. That was error. The court should not have proceeded with the plea without first making further inquiry whether defendant was asserting that his intent had been negated by intoxication and, if so, whether he was knowingly waiving that potential

defense *(People v Tomaino,* 134 AD2d 859; *People v Quiles,* 72 AD2d 610). Where defendant's recitation casts significant doubt upon his guilt or otherwise calls into question the voluntariness of the plea, the trial court has a duty to inquire further to ensure that defendant's plea is knowing and voluntary *(People v Lopez,* 71 NY2d 662, 666; *see, People v Beasley,* 25 NY2d 483, 487-488; *People v Serrano,* 15 NY2d 304, 309). Moreover, the record does not establish that defendant was ever apprised of the nature and character of an *Alford* plea.

Because the court's error in accepting the plea requires reversal, we do not reach the remaining issue raised by defendant. (Appeal from judgment of Supreme Court, Erie County, Ostrowski, J.—robbery, second degree.) Present—Denman, J. P., Green, Pine, Lawton and Davis, JJ.