■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN C. ZETH, SR., Appellant. (Appeal No. 1.)—Judgment unanimously reversed on the law and defendant remanded to Chautauqua County Court for further proceedings, in accordance with the following memorandum: Defendant was convicted on four indictments arising out of four separate incidents. Defendant entered pleas of guilty to the highest count of each indictment. In the course of the plea colloquy the court failed to conduct any inquiry into the facts underlying the first three convictions, limiting its inquiry into the facts underlying the fourth conviction. It was error for the court to fail to make a factual inquiry with respect to the first three pleas *(People v Seaton,* 19 NY2d 404, 406; *see, People v Beasley,* 25 NY2d 483, 488) and those judgments must be reversed. Additionally, although the court did inquire into the facts underlying defendant's conviction for arson, burglary and felony assault on the fourth indictment, the court failed to determine whether defendant had a possible defense to the

arson charge. When defendant was asked why he started the fire, he said he "was just drunk" and "on drugs". Arson in the third degree requires a specific intent to damage a building (see, Penal Law § 150.10 [1]), and intoxication, although not a defense, might serve to negate that element (Penal Law § 15.25). Where defendant's factual recitation casts doubt on his guilt by negating an essential element of the crime pleaded to or by raising a defense, the court, before accepting the plea, must make further inquiry to assure that defendant is in fact guilty or that he is waiving the defense (People v Lopez, 71 NY2d 662, 666; People v Braman, 136 AD2d 382, lv denied 72 NY2d 911; People v Tomaino, 134 AD2d 859). (Appeal from judgment of Chautauqua County Court, Adams, J.—arson, third degree.) Present—Doerr, J. P., Denman, Pine, Balio and Lawton, JJ.