■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MELVIN BROWN, Appellant.—Appeal by the defendant from three judgments of the Supreme Court, Kings County (Pesce, J.), all rendered May 2, 1984, convicting him of robbery in the first degree under indictment No. 1094/83, burglary in the second degree under indictment No. 1101/83, and burglary in the third degree under indictment No. 2997/83, upon his pleas of guilty, and two judgments of the same court (Hellenbrand, J.), also rendered May 2, 1984, convicting him of robbery in the second degree under indictment No. 5518/83, and robbery in the third degree under indictment No. 6435/83, upon his pleas of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

The defendant pleaded guilty to five different felonies committed on five separate dates over the course of the year 1983. On appeal he argues that his application for a *Wade* hearing relative to indictment No. 5518/83 was improperly denied, that all of his allocutions were inadequate as a matter of law, and that his sentences were excessive. The defendant's contentions are without merit.

Under the facts of this case, the defendant's motion did not provide a sufficient factual basis for the court to conduct a *Wade* hearing *(see, People v Love,* 57 NY2d 1023).

The defendant's claim that his plea allocutions were insufficient is unpreserved for appellate review in that he failed to move to withdraw his pleas prior to sentencing (CPL 220.60 [3]; 470.05 [2]; *People v Pellegrino,* 60 NY2d 636; *People v Pendergrass,* 115 AD2d 497). In any event, there was no flaw in the allocutions challenged on this appeal. The defendant himself either related or concurred in all of the underlying facts making out the crimes. He was represented throughout by competent counsel, and was informed of and voluntarily waived his constitutional rights before the sentencing courts. There has been no showing of prejudice *(see, People v Harris,*

61 NY2d 9; *People v Nixon,* 21 NY2d 338; *People v Dixon,* 119 AD2d 831; *People v Colon,* 77 AD2d 370).

Finally, the sentences imposed were those promised to the defendant at the time of the pleas. Accordingly, the defendant has no basis to complain that the sentences were excessive *(People v Buitrago,* 125 AD2d 322; *People v Kazepis,* 101 AD2d 816). Kunzeman, J. P., Kooper, Harwood and Rosenblatt, JJ., concur.