■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC RHODES, Appellant.—Appeals by the defendant from three judgments of the Supreme Court, Queens County (Finnegan, J.), all rendered April 24, 1987, convicting him of robbery in the third degree under indictment No. 790/87, robbery in the third degree under indictment No. 827/87 and robbery in the second degree under indictment No. 828/87, upon his pleas of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no meritorious issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (see, Anders v California, 386 US 738; People v Paige, 54 AD2d 631; cf., People v Gonzalez, 47 NY2d 606). Mangano, J. P., Kunzeman, Eiber and Balletta, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDDIE ROBINSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kellam, J.), rendered June 11, 1987, convicting him of criminal sale of a controlled substance in the fifth degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

Since the defendant failed to move to vacate his plea on the ground that he was unable to hear and understand the proceedings because of a hearing infirmity, this issue is not preserved for appellate review as a matter of law (see, People v Pellegrino, 60 NY2d 636). In any event, reversal on this ground is not warranted in the exercise of our interest of justice jurisdiction. A review of the record indicates that the defendant was able to hear and understand the plea proceedings, as evidenced by his appropriate responses to all questions. While at sentencing the defendant mentioned that he was being treated for a hearing problem, he did not state when this purported hearing infirmity manifested itself. Mangano, J. P., Lawrence, Kooper and Rosenblatt, JJ., concur.