**THE PEOPLE OF THE STATE OF NEW YORK**, Respondent, v **JOSEPH HLADKY**, Appellant.—

Ordered that the judgment rendered October 13, 1983 (indictment No. 376/83) is affirmed; and it is further,

Ordered that the judgment rendered April 26, 1984 (indictment No. 3232/83) is reversed, as a matter of discretion in the interest of justice, the plea is vacated, and the matter is remitted to the Supreme Court, Queens County, for further proceedings on that indictment.

In the early morning hours of September 11, 1983, the then 15-year-old defendant stabbed 60-year-old Herbert Smith in the neck, causing his death. The stabbing occurred during the course of an argument in Smith's apartment between Smith and the defendant, who had been "friends" for some four years. As a result of the incident, the defendant was indicted for murder in the second degree and criminal possession of a weapon in the fourth degree.

The defendant subsequently offered to withdraw his previously entered plea of not guilty and to plead guilty to both counts of the indictment,* in consideration of the court's promise to impose a sentence of six years' to life imprisonment to run concurrently with a previously imposed sentence of 3⅓ to 10 years' imprisonment for burglary in the first degree under an earlier indictment (indictment No. 376/83). During the allocution that followed, the defendant explained that he and Smith had had an argument over some money that Smith claimed the defendant owed him, that Smith had approached him with an umbrella in a threatening manner, and that he thereupon picked up a knife from Smith's kitchen table and stabbed him with it. In response to the court's inquiry, the defendant stated that he had *not* intended to kill Smith. The defendant did, however, admit to an intent to stab Smith in the neck "[b]ecause he was coming at me with an umbrella". In spite of the fact that the court stated that it did not "believe there was ever any intent to cause the death of

---

* That count of the indictment which charged the defendant with criminal possession of a weapon in the fourth degree was subsequently dismissed on the People's motion.

the deceased", it nevertheless accepted the defendant's plea of guilty to intentional murder. The defendant was thereafter sentenced to six years' to life imprisonment for murder in the second degree which, for a juvenile offender like the defendant, carried a minimum permissible term of imprisonment of five years to life and a maximum term of nine years to life (Penal Law § 70.05 [2] [a]; [3] [a]). The sentence was, as promised, made to run concurrently with the previously imposed sentence for burglary in the first degree. On appeal, the defendant contends that, in spite of his not having moved to withdraw his guilty plea or to vacate the judgment of conviction, this court may, and should, find that the court erred in accepting his plea of guilty to murder in the second degree given the insufficiency of the factual allocution. We agree.

In *People v Lopez* (71 NY2d 662), the Court of Appeals recently reiterated the general rule that the defendant must either move to withdraw his plea of guilty or move to vacate the judgment of conviction in order to preserve a challenge to the factual sufficiency of a plea allocution for appellate review. The court did note, however, that there may be a case, albeit rare, "where the defendant's recitation of the facts underlying the crime pleaded to clearly casts significant doubt upon the defendant's guilt or otherwise calls into question the voluntariness of the plea" *(People v Lopez, supra,* at 666). In such a case, "the trial court has a duty to inquire further to ensure that defendant's guilty plea is knowing and voluntary *(see, People v Francis,* 38 NY2d 150, 153; *People v Beasley,* 25 NY2d 483, 487-488; *People v Serrano,* 15 NY2d 304, 309; *see generally, People v Harris,* 61 NY2d 9)" *(People v Lopez, supra,* at 666). Where the court fails in its responsibility, the sufficiency of the plea allocution may be challenged on direct appeal, notwithstanding the failure of the defendant to move to withdraw his guilty plea or to vacate the judgment of conviction *(People v Lopez, supra,* at 666). We find that the court failed in its obligation under *Lopez,* and that vacatur of the plea of guilty is warranted.

A review of the plea minutes makes clear that while the defendant admitted his intent to stab Smith, his responses cast serious doubt as to his intent to kill him. Indeed, the defendant, whom the court characterized as being "very honest", specifically denied any such intention. Moreover, the court was apparently aware of the deficiencies in the factual allocution for murder in the second degree, which requires an intent to cause death *(see,* Penal Law § 125.25 [1]), having expressed its own belief that the defendant did not intend to

kill Smith, but nevertheless accepted the guilty plea. This was done without any further questioning of the defendant. While the court, the prosecutor, and the defense counsel all seem to have been aware of the problem with the plea, they appear to have been willing to accept it based upon the promise of concurrent time and the fact that the sentence to be imposed would be less than the maximum. That decision, however, belonged to the defendant. Upon entertaining doubt with respect to the factual sufficiency of the allocution, the court was required to explain *to the defendant* the difference between his having intended to cause serious physical injury and his having intended to cause death, to tell him that he might be pleading guilty to a crime that he did not commit, and to inquire of him whether that was his wish. Then, and only then, could the defendant be deemed to have knowingly and voluntarily entered the plea of guilty. In the absence of such an inquiry, the court failed in its duty to ensure that the defendant understood the nature of the charge and further, that he was pleading guilty intelligently and voluntarily *(see, People v Zeth,* 148 AD2d 960; *People v Benton,* 143 AD2d 526). Accordingly, vacatur of the plea of guilty under indictment No. 3232/83 is required.

However, the defendant is not entitled to vacatur of his plea of guilty under indictment No. 376/83. Initially we note that the defendant failed to preserve for appellate review his contention that the court improperly imposed a more severe sentence than that promised at the time he entered the plea *(see, People v Pellegrino,* 60 NY2d 636). In any event, the record establishes that the court's promise to sentence the defendant to a term of probation was subject to the condition that the defendant remain at the St. John's School for Boys until it was determined that he was fit to leave. The defendant was further advised that if he breached this condition, he would be sentenced to a period of incarceration, as authorized by law. Since the defendant violated the express conditions of the plea, the court was no longer bound by its promise and was free to impose a more severe sentence *(see, People v Asencio,* 143 AD2d 917; *People v Warren,* 121 AD2d 418; *People v Gamble,* 111 AD2d 869). Thompson, J. P., Brown, Eiber and Rosenblatt, JJ., concur.

