■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE THOMAS, Appellant.—Appeal by the defendant from a judgment of the County Court, Orange County (Owen, J.), rendered April 4, 1986, convicting him of manslaughter in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, the plea is vacated, and the matter is remitted to the County Court, Orange County, for further proceedings consistent herewith.

The defendant was charged with murder in the second degree and criminal possession of a weapon in the third degree. Pursuant to a plea bargain agreement, the defendant pleaded guilty to the lesser crime of manslaughter in the first degree in complete satisfaction of the indictment. However, when the court questioned the defendant with respect to the events surrounding the crime, the defendant denied that he intended to kill the victim or to cause him serious physical injury. Upon further inquiry with respect to his intent, the defendant again stated that he did not intend to cause the victim serious physical injury.

Subsequently, when the Assistant District Attorney questioned him, the defendant admitted that he intended to "hurt" the victim, but again, denied any intent to cause serious physical injury, claiming instead that the victim had attacked him first while he lay in bed and that he had used his knife to repel the attack so that the victim "wouldn't hurt" him. The court made no inquiry into the defendant's claim of justification. Moreover, in subsequent colloquy, the defendant neither retracted nor contradicted his prior assertion that he never intended to inflict serious physical injury through his use of the knife, and had acted in response to the victim's initial aggression.

Under the circumstances, we conclude that the defendant's guilty plea must be vacated. Where a defendant's factual recitation casts doubt on his guilt by negating an essential element of the crime or by raising a defense, the court may not accept the plea without making further inquiry into whether, in fact, the defendant is guilty and apprising him of the availability of the defense implicated (see, People v Lopez, 71 NY2d 662, 667-668; People v Zeth, 148 AD2d 960, 961; People v Benton, 143 AD2d 526). At bar, the defendant repeatedly denied that he intended to inflict "serious physical injury", an element of the crime to which he was pleading guilty (see, Penal Law § 125.20 [1]), and stated that he used the knife only to repel the victim, who allegedly attacked him first as he lay in bed. Despite the foregoing, the court neither questioned the defendant as to the potential justification defense nor inquired sufficiently in order to ensure that the defendant did, in fact, possess the necessary criminal intent (cf., People v Lopez, supra, at 668). Mangano, J. P., Bracken, Rubin, Kooper and Rosenblatt, JJ., concur.