■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MITCHELL KALWASINSKI, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Moskowitz, J.), rendered September 24, 1982, convicting him of murder in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the plea minutes demonstrate that the trial court, when confronted with a factual recitation negating the mens rea element of depraved indifference murder, properly conducted a further inquiry to ensure that the defendant understood the nature of the charge and that the plea was intelligently and voluntarily entered *(see, People v Lopez,* 71 NY2d 662; *People v Serrano,* 15 NY2d 304).

The only culpable mental state required for depraved indifference murder *(see,* Penal Law § 125.25 [2]), like reckless manslaughter *(see,* Penal Law § 125.15 [1]), is "recklessness" *(see, People v Roe,* 74 NY2d 20, 24; *People v Gomez,* 65 NY2d 9, 11; *People v Register,* 60 NY2d 270, 278). "A person acts recklessly * * * when he is aware of and consciously disregards a substantial and unjustifiable risk" (Penal Law § 15.05 [3]; *People v Register, supra,* at 274). After being advised of the contents of a pathologist's report, prepared by his own expert, the defendant acknowledged that he struck the three-year-old infant more than twice and that the child died from the injuries he inflicted. Although the defendant denied that he was aware that his acts created a substantial risk of death, the further inquiry conducted by the court indicates that the defendant's denial was attributable to the fact the defendant erroneously equated the term "aware" with an intent to cause the infant's death and not to any failure to perceive the substantial and unjustifiable risk of death inherent in his act. Furthermore, the nature and extent of the injuries suffered by an infant and proof linking the defendant to those injuries

can suffice to establish that the child's death resulted from conduct on the part of the defendant which evinced a depraved indifference to human life *(see, e.g., People v Poplis,* 30 NY2d 85; *People v Arca,* 72 AD2d 205; *People v Lilly,* 71 AD2d 393).* Here, defense counsel assured the court, without contradiction by the defendant, that his client believed it was in his best interest to enter a plea of guilty to depraved indifference murder in exchange for the minimum allowable sentence due to the contents of the pathologist's report. We infer that there was nothing in the report to indicate that the defendant's plea was improvident or baseless. Nor did the court have any duty to further inquire about the defendant's allegedly intoxicated condition at the time of the commission of the offense, because voluntary intoxication is not a potential defense to depraved indifference murder *(see,* Penal Law § 15.05 [3]; *People v Register,* 60 NY2d 270, *supra).*

Lastly, we reject the defendant's contention that he was deprived of effective assistance of trial counsel. Insofar as we are able to review this claim, we find that defense counsel's performance met the standard of "meaningful representation" *(People v Satterfield,* 66 NY2d 796, 799; *People v Baldi,* 54 NY2d 137; *see, e.g., People v Wood,* 150 AD2d 411). Thompson, J. P., Brown, Rubin and Eiber, JJ., concur.