■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WARREN L. MADISON, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Winick, J.) rendered July 24, 1989, convicting him of attempted criminal possession of a controlled substance in the fifth degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's generalized assertion, made prior to sentencing, that he had re-evaluated his legal options and wished

to litigate the propriety of the seizure of the contraband on which his judgment of conviction is premised, did not entitle him to withdraw his guilty plea *(cf., People v Dixon,* 29 NY2d 55; *People v Nixon,* 21 NY2d 338, *cert denied sub nom. Robinson v New York,* 393 US 1067). The record here establishes that the defendant's guilty plea "was voluntarily made with advice of counsel following an appraisal of all the relevant factors" *(People v Dixon, supra,* at 57; *see also, People v Washington,* 156 AD2d 496) and the denial of the defendant's presentence motion to vacate his guilty plea was a proper exercise of discretion *(see,* CPL 220.60 [3]).

The defendant's claims that his plea was without sufficient factual basis and that the County Court should have sentenced him in accordance with an obvious misstatement by the court, made at the plea allocution, regarding the sentencing commitment, are raised for the first time on appeal and are thus not preserved for appellate review *(see, People v Lopez,* 71 NY2d 662, 665; *People v Pellegrino,* 60 NY2d 636; *People v Hladky,* 158 AD2d 616; *People v Esposito,* 157 AD2d 850; *People v Robinson,* 156 AD2d 598; *People v Williams,* 156 AD2d 497). Mangano, P. J., Brown, Sullivan, Harwood and Miller, JJ., concur.