■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAUL VARGAS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Owens, J.), rendered March 10, 1987, convicting him of manslaughter in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant has failed to preserve for appellate review the issue of the sufficiency of his plea allocution *(see, People v Lopez,* 71 NY2d 662; *People v Horn,* 161 AD2d 492; *People v Hladky,* 158 AD2d 616, 618). Even were we to find that the defendant's claim falls within the narrow exception to the preservation rule *(see, People v Lopez, supra,* at 667; *People v Thomas,* 159 AD2d 529, 530), reversal would not be required.

The defendant's belated claims that he raised a justification defense and that he was coerced into taking the plea under the threat of the maximum sentence should he go to trial are flatly refuted by the record of the plea proceedings. The record reveals that the defendant conferred with his attorney several times and the court properly conducted an inquiry to ensure that the defendant understood the nature of the charge, that the plea was intelligently and voluntarily entered into, and that the defendant did, in fact, possess the necessary criminal intent (see, People v Lopez, supra; People v Kalwasinski, 160 AD2d 732; People v Thomas, supra, at 530). Under close questioning from the court, the defendant admitted that he intended to cause serious injury to the deceased, lost self-control, and stabbed the deceased. Accordingly, we find no basis for vacating the defendant's plea and reversing his judgment of conviction.

We further find that the defendant's sentence was not excessive (see, People v Suitte, 90 AD2d 80). Bracken, J. P., Sullivan, Lawrence and Ritter, JJ., concur.