■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISREAL BETHANY, Appellant.—Judgment unanimously affirmed. Memorandum: The factors to be considered in determining whether defendant has been deprived of his constitutional right to a speedy trial do not weigh in defendant's favor *(see, People v Taranovich,* 37 NY2d 442). The charges against him, including attempted murder in the second degree, were serious. Although defendant was incarcerated for 16 months, the prosecution is not responsible for much of that time. The delay on the scheduled trial date was occasioned by defendant's request for an adjournment. Defendant's contention that his defense was impaired by the death of a witness is conclusory and insufficient. His claim of ineffective assistance of counsel was forfeited by his guilty plea *(see, People v Petgen,* 55 NY2d 529; *People v Cance,* 155 AD2d 764). There is no showing that counsel's alleged ineffectiveness infected the plea bargaining process, that defendant entered a plea because of his attorney's poor performance, or that defendant's guilty plea was not knowing, intelligent and voluntary *(see, People v Corwin,* 137 AD2d 872). (Appeal from Judgment of Erie County Court, LaMendola, J.—Burglary, 1st Degree.) Present —Boomer, J. P., Pine, Lawton, Boehm and Davis, JJ.