■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER WOODARD, Appellant. [607 NYS2d 754] —Judgment unanimously modified on the law and as modified affirmed and matter remitted to Steuben County Court for further proceedings in accordance with the following Memorandum: Upon the misapprehension that it was required to do so by Penal Law § 70.25 (1), County Court imposed sentences upon defendant that were consecutive to the unexpired term of a prior DWI conviction. Actually, the court had the discretion to impose concurrent sentences but it "erroneously perceived that it had no discretion to exercise" *(People v Cronin,* 60 NY2d 430, 433; *see, People v Horn,* 161 AD2d 492; *People v Taylor,* 27 AD2d 692). The failure of the court to apprehend the extent of its discretion was a departure from the " 'essential nature' of the right to be sentenced as provided by law" *(People v Fuller,* 57 NY2d 152, 156).

Therefore, defendant's sentences are vacated and the matter is remitted to Steuben County Court for resentencing.

We reject the contention that defendant was deprived of effective assistance of counsel *(see, People v Bethany,* 182 AD2d 1084, *lv denied* 80 NY2d 828). (Appeal from Judgment of Steuben County Court, Purple, Jr., J.—Felony Driving While Intoxicated.) Present—Green, J. P., Pine, Lawton, Doerr and Boehm, JJ.