■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROOSEVELT AVERY, Also Known as RUSSELL ANTHONY, Appellant. [614 NYS2d 400] —Judgment, Supreme Court, New York County (Herbert Adlerberg, J.), rendered September 17, 1992, convicting defendant, upon guilty pleas, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him to two concurrent terms of 4½ to 9 years, unanimously affirmed.

Defendant's contention that the sentencing court improperly placed him on "interim probation" and, subsequently, improperly imposed the prison terms based on a violation of that probation without affording him the opportunity to withdraw his guilty pleas is not preserved for appellate review as a matter of law, and we decline to review it in the interest of justice. In any event, the claim is without merit. The court made it very clear to defendant at the plea allocution that a

prison term would be imposed if he failed to complete the drug rehabilitation program, and defendant accepted that condition as part of the plea agreement. It appears from the record that defendant was not placed under the formal supervision of the Probation Department. The situation in the present case is, as the People suggest, "more akin to the placement of a condition on a plea, which is totally lawful, than to the imposition of a period of interim probation" *(compare, People v Rodney E.,* 77 NY2d 672). Since it is not disputed that defendant failed to complete the program, imposition of the prison terms was proper *(see, People v Hladky,* 158 AD2d 616, 619). Finally, to the extent that the Second Department has reached a different conclusion in a similar case *(People v Johnson,* 197 AD2d 638, *lv withdrawn* 82 NY2d 926), we decline to adopt its reasoning. Concur—Murphy, P. J., Carro, Ellerin, Wallach and Rubin, JJ.