■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT WELKA, Appellant. (Appeal No. 1.) [616 NYS2d 320] — Judgment unanimously affirmed. Memorandum: There is no merit to the contention that defendant was denied effective assistance of counsel. At trial, defense counsel pursued the "colorable" claim that the intoxication of defendant prevented him from forming the requisite intent for burglary in the second degree. The circumstances of the case, viewed in their

totality, reveal that defendant received meaningful representation *(see, People v Garcia,* 75 NY2d 973, 974; *People v Rivera,* 71 NY2d 705, 709).

We also conclude that the verdict is based upon legally sufficient evidence and is not against the weight of the evidence *(see, People v Bleakley,* 69 NY2d 490, 495).

After the jury returned a verdict finding defendant guilty as charged in indictment No. 88-107 (appeal No. 1), defendant pleaded guilty to burglary in the second degree in satisfaction of indictment No. 88-108 (appeal No. 2). Nothing in the plea allocution cast doubt upon defendant's guilt or called into question the voluntariness of the plea. The court had no duty, therefore, to make a further inquiry, and we conclude that the plea was voluntarily entered *(see, People v Hladky,* 158 AD2d 616).

The sentence imposed is not harsh or excessive. (Appeal from Judgment of Chautauqua County Court, Adams, J.— Burglary, 2nd Degree.) Present—Green, J. P., Lawton, Fallon, Doerr and Boehm, JJ.