■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FIDEL TORRES GONZALEZ, Appellant. [624 NYS2d 1014] —Appeal unanimously dismissed. Memorandum: Defendant failed to file and serve a timely notice of appeal *(see,* CPL 460.10 [1] [b]; *People v Sanzone,* 14 AD2d 702). The judgment sought to be appealed from was entered March 11, 1991, and defendant's notice of appeal was filed August 24, 1993. (Appeal from Judgment of Monroe County Court, Connell, J.—Criminal Sale Controlled Substance, 1st Degree.) Present—Green, J. P., Pine, Callahan, Doerr and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEON L. MOORE, Appellant. [623 NYS2d 42] —Judgment unanimously modified on the law and as modified affirmed and matter remitted to Oswego County Court for resentencing in accordance with the following Memorandum: Defendant pleaded guilty to one count of felony driving while intoxicated (Vehicle and Traffic Law § 1192 [3]) and thus was subject to punishment of a fine, a period of imprisonment, or both *(see,* Vehicle and Traffic Law § 1193 [1] [c]). County Court's statement that there was a mandatory minimum fine was based upon a misapprehension that the court did not have discretion in sentencing. The sentence therefore is vacated and the matter is remitted to Oswego County Court for resentencing *(see, People v Cronin,* 60 NY2d 430, 433; *People v Woodard,* 201 AD2d 896; *People v Horn,* 161 AD2d 492; *People v Taylor,* 27 AD2d 692). The failure of the court to apprehend the extent of its discretion is a departure from the " 'essential nature' of the right to be sentenced as provided by law" *(People v Fuller,* 57 NY2d 152, 156; *see, People v Woodard, supra).* (Appeal from Judgment of Oswego County Court, Brandt, J.—Felony Driving While Intoxicated.) Present—Denman, P. J., Lawton, Fallon, Balio and Boehm, JJ.