■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JACQUES DOZIER, Appellant. [634 NYS2d 210] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (R. Goldberg, J.), rendered September 5, 1991, convicting him of attempted rape in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's waiver of his right to appeal the denial of the branch of his omnibus motion which was to suppress his statements to law enforcement authorities was ineffective *(see, People v Bray,* 154 AD2d 692; CPL 710.70 [2]). However, the hearing court correctly concluded that the defendant's three statements were admissible at trial *(see, e.g., People v Prochilo,* 41 NY2d 759, 761; *People v Watson,* 198 AD2d 461; *People v DeLaCruz,* 194 AD2d 620, 621). The first statement was a spontaneous utterance *(see, e.g., People v Ellis,* 58 NY2d 748), and the second and third statements were made only after the defendant had knowingly, voluntarily, and intelligently waived his constitutional rights. The defendant's contention that he was too impaired by fatigue, hunger, and the bruises that had been inflicted by his neighbors to make a voluntary statement is belied, *inter alia,* by his failure to seek medical attention and by his appearance on the videotape of one of the statements *(see, e.g., People v Turner,* 200 AD2d 603, 604; *People v Diaz,* 177 AD2d 500).

Finally, the defendant waived his right to appeal the terms

of his plea and sentence, including the adequacy of his factual allocution *(see, e.g., People v Burk,* 181 AD2d 74). In any event, nothing in the defendant's factual allocution casts doubt upon his guilt, negates an essential element of the crime, or suggests a legitimate defense *(see, e.g., People v Clinton,* 179 AD2d 670; *People v Thomas,* 159 AD2d 529; *People v Zeth,* 148 AD2d 960). O'Brien, J. P., Pizzuto, Santucci and Joy, JJ., concur.