■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR RIVERA, Appellant. [668 NYS2d 680] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered June 15, 1995, convicting him of attempted burglary in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing (Finnegan, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The complainant testified at the independent source hearing that on the day in question he was sitting in his living room when the defendant entered his home and began examining his wife's antiques, unaware of his presence. After watching the intruder for roughly two full minutes, the complainant confronted him, and ultimately put him out of the house. It was established at the hearing that the complainant: (1) had an adequate opportunity to view the perpetrator at time of the crime; (2) paid close attention to the strange man in his house, and (3) gave a detailed description of the criminal to the police (*see, e.g., Manson v Brathwaite*, 432 US 98, 114-115; *Neil v Biggers*, 409 US 188, 199-200; *People v Hyatt*, 162 AD2d 713, 714; *People v Johnson*, 129 AD2d 739). The People therefore carried their burden of proving by clear and convincing evidence that the complainant had a private, personal recollection of the intruder in his home that was independent of his viewing of the defendant in the subsequent, suggestive police showup, an identification that the hearing court suppressed.

In addition, the record establishes that the defendant's plea was knowing, intelligent, and voluntary, was made in the presence of and with the advice of competent counsel, and was in exchange for an advantageous sentence (*People v Ford*, 86 NY2d 397; *People v Harris*, 61 NY2d 9, 19; *People v Vargas*, 182 AD2d 789, 790; *People v Hickson*, 165 AD2d 777; *People v Brown*, 153 AD2d 754). Bracken, J. P., Rosenblatt, Ritter and Altman, JJ., concur.