■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY A. BARBER, Appellant. [818 NYS2d 391]—

Appeal from a judgment of the Ontario County Court (Frederick G. Reed, J.), rendered November 24, 2004. The judgment convicted defendant, upon his plea of guilty, of driving while intoxicated as a felony and aggravated unlicensed operation of a motor vehicle in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by vacating the sentence and as modified the judgment is affirmed, and the matter is remitted to Ontario County Court for further proceedings in accordance with the following memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of driving while intoxicated as a felony ([DWI] Vehicle and Traffic Law § 1192 [3]; § 1193 [1] [c] [ii]) and aggravated unlicensed operation of a motor vehicle in the first degree (§ 511 [3] [a] [i]). As part of the plea agreement, County Court stated that it would impose terms of incarceration of 1¹/₂ to 4¹/₂ years on the DWI charge and 1 to 3 years on the aggravated unlicensed operation charge, to run concurrently. In addition to imposing those terms of incarceration at the time of sentencing, the court ordered defendant to pay a fine of $2,000 on the DWI charge.

We note at the outset with respect to the charge of aggravated unlicensed operation of a motor vehicle that the court was required to impose a fine of "not less than five hundred dollars nor more than five thousand dollars" (Vehicle and Traffic Law § 511 [3] [b] [i]), and the court did not do so here. "It is well established that an invalid sentence cannot be allowed to stand" (*People v Swan*, 158 AD2d 158, 163 [1990], *lv denied* 76 NY2d

991 [1990]; *see People v Price*, 140 AD2d 927, 928 [1988]). We therefore modify the judgment by vacating the sentence, and we remit the matter to County Court to afford defendant the opportunity to withdraw his plea of guilty or be resentenced (*see People v Cheatham*, 266 AD2d 875 [1999], *lv denied* 94 NY2d 917 [2000]).

We agree with defendant that the court erred in enhancing the promised sentence by imposing a fine on the DWI charge without affording him an opportunity to withdraw the plea (*see People v Fulton*, 238 AD2d 439 [1997]). In addition, the record establishes that the People erroneously informed the court at sentencing that the court was required to impose a fine on the DWI charge. Pursuant to Vehicle and Traffic Law § 1193 (1) (c) (ii), however, the court had the discretion to do so, and it is not clear on the record before us whether the court "failed to apprehend the extent of its discretion" (*People v Swan*, 277 AD2d 1033, 1034 [2000], *lv denied* 96 NY2d 788 [2001]; *see People v Moore*, 212 AD2d 1062 [1995]). Thus, upon remittal, the court must exercise its discretion with respect to the fine for the DWI charge in the event that defendant elects to be resentenced rather than to withdraw his plea (*see Swan*, 277 AD2d at 1034). Present—Kehoe, J.P., Gorski, Martoche, Smith and Pine, JJ.