◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT A. LAFFERTY, Appellant. [850 NYS2d 726]—The case is held, the decision is reserved, the motion to relieve counsel of assignment is granted and new counsel is to be assigned. Memorandum: Defendant was convicted upon a guilty plea of driving

while intoxicated as a class D felony (Vehicle and Traffic Law § 1192 [3]; § 1193 [1] [c] [ii]) and aggravated unlicensed operation of a motor vehicle in the second degree (Vehicle and Traffic Law § 511 [2] [a]). He was sentenced to an indeterminate term of incarceration of two to six years and a $3,000 fine for driving while intoxicated and to a $1,000 fine for aggravated unlicensed operation. Defendant's assigned appellate counsel has moved to be relieved of the assignment pursuant to *People v Crawford* (71 AD2d 38 [1979]), and has submitted an affidavit in which he concludes that there are no nonfrivolous issues meriting this Court's consideration. The record reveals that during the plea proceedings, the trial court informed the defendant that the sentence upon his conviction for driving while intoxicated would be capped at two to six years. However, the court did not advise the defendant that his sentence for each conviction would include a fine or that the defendant, who was on probation at the time of his arrest, would receive an additional consecutive prison sentence for the violation of probation resulting from these convictions. These facts raise the issue of whether the court improperly imposed a more severe sentence than that bargained for without offering the defendant the opportunity to withdraw his plea (*see People v Barber*, 31 AD3d 1145 [2006]). Therefore, we relieve counsel of his assignment and assign new counsel to brief this issue, as well as any other issues that counsel's review of the record may disclose. (Appeal from Judgment of Cattaraugus County Court, Larry M. Himelein, J.— Driving While Intoxicated). Present—Scudder, P.J., Gorski, Lunn, Fahey and Green, JJ.