# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**123**

**KA 09-02381**

PRESENT: SCUDDER, P.J., PERADOTTO, LINDLEY, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

JAMES SLATTERY, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ROBERT B. HALLBORG, JR., OF COUNSEL), FOR DEFENDANT-APPELLANT.

JAMES SLATTERY, DEFENDANT-APPELLANT PRO SE.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (J. MICHAEL MARION OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Thomas P. Franczyk, J.), rendered September 23, 2009. The judgment convicted defendant, upon his plea of guilty, of driving while intoxicated, a class D felony, aggravated unlicensed operation of a motor vehicle in the first degree and unauthorized use of a vehicle in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating the sentence and as modified the judgment is affirmed, and the matter is remitted to Erie County Court for resentencing.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of felony driving while intoxicated (Vehicle and Traffic Law § 1192 [3]; § 1193 [1] [c] [ii]), aggravated unlicensed operation of a motor vehicle in the first degree (§ 511 [3] [a] [i]) and unauthorized use of a vehicle in the third degree (Penal Law § 165.05 [1]). As defendant contends and the People correctly concede, County Court misapprehended its discretion in determining that the sentences for those offenses had to run consecutively to a prior undischarged term of parole. That contention survives defendant's valid waiver of the right to appeal (*see People v Hager*, 213 AD2d 1008). Pursuant to Penal Law § 70.25 (1), the court had the discretion to impose concurrent sentences (*see People v Woodard*, 201 AD2d 896), and "[t]he failure of the court to apprehend the extent of its discretion deprived defendant of the right to be sentenced as provided by law" (*Hager*, 213 AD2d at 1008). We therefore modify the

judgment by vacating the sentence, and we remit the matter to County Court for resentencing.