# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

144
KA 11-00096
PRESENT: WHALEN, P.J., CENTRA, LINDLEY, TROUTMAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

JOHN ROCKWELL, DEFENDANT-APPELLANT.

---

LAW OFFICES OF JOSEPH D. WALDORF, P.C., ROCHESTER (JOSEPH D. WALDORF OF COUNSEL), FOR DEFENDANT-APPELLANT.

GREGORY J. MCCAFFREY, DISTRICT ATTORNEY, GENESEO (JOSHUA J. TONRA OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Livingston County Court (Dennis S. Cohen, J.), rendered December 16, 2010. The judgment convicted defendant, upon his plea of guilty, of aggravated driving while intoxicated.

It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice and on the law by vacating the sentence, and as modified the judgment is affirmed and the matter is remitted to Livingston County Court for further proceedings in accordance with the following memorandum:  On appeal from a judgment convicting him upon his plea of guilty of aggravated driving while intoxicated ([DWI] Vehicle and Traffic Law § 1192 [2-a] [a]), defendant contends that he was coerced into pleading guilty by County Court, including the court's statement that, if he did not plead guilty at his first appearance with counsel, he would forfeit a prior plea offer that did not include incarceration in a state prison. Defendant did not move to withdraw his plea or to vacate the judgment, and he thus failed to preserve that contention for our review (*see People v Boyd*, 101 AD3d 1683, 1683; *see generally People v Ali*, 96 NY2d 840, 841).

Defendant also failed to preserve for our review his contention that he was not able to understand the plea proceedings due to his hearing impairment, and, in any event, that contention is belied by the plea proceedings, in which defendant responded appropriately to all of the court's questions (*see generally People v Ribeiro*, 245 AD2d 804, 804, *lv denied* 91 NY2d 976; *People v Robinson*, 156 AD2d 598, 598).

Defendant further contends that he was denied effective assistance of counsel because defense counsel sought an adjournment to allow her to discuss the earlier plea offer with defendant, thereby

depriving him of a plea offer that was subsequently withdrawn. Even assuming, arguendo, that defendant's contention survives his guilty plea (*cf. People v Abdulla*, 98 AD3d 1253, 1254, *lv denied* 20 NY3d 985), we conclude that it lacks merit (*see generally People v Ford*, 86 NY2d 397, 404).

Finally, although defendant failed to preserve for our review his contention that the court erred in imposing a fine (*see* CPL 470.05 [2]), we exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). As the People correctly concede, the court erred in imposing the fine without affording defendant an opportunity to withdraw the plea because the fine was not mentioned at the time of the plea (*see People v Barber*, 31 AD3d 1145, 1146). "Because defendant was denied the benefit of his plea bargain, we modify the judgment by vacating the sentence, and we remit the matter to County Court to impose the sentence promised . . . or to afford defendant the opportunity to withdraw his plea" (*People v Lafferty*, 60 AD3d 1318, 1319).

Entered:  March 18, 2016                    Frances E. Cafarell
                                            Clerk of the Court