People v Wheeler (2018 NY Slip Op 01788)





People v Wheeler


2018 NY Slip Op 01788


Decided on March 16, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, NEMOYER, CURRAN, AND WINSLOW, JJ.


320 KA 16-01005

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
LLOYD W. WHEELER, III, DEFENDANT-APPELLANT. 






CARA A. WALDMAN, FAIRPORT, FOR DEFENDANT-APPELLANT.
LLOYD W. WHEELER, III, DEFENDANT-APPELLANT PRO SE.
R. MICHAEL TANTILLO, DISTRICT ATTORNEY, CANANDAIGUA (COLLEEN SULLIVAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Ontario County Court (Frederick G. Reed, A.J.), rendered June 1, 2016. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]), defendant contends that the sentence is unduly harsh and severe. We reject that contention. Defendant received the benefit of an advantageous plea agreement in which he pleaded guilty to one count in satisfaction of the two counts charged in the indictment, and County Court imposed the minimum term of incarceration of 3½ years (see § 70.02 [3] [b]), to be followed by three years of postrelease supervision (see § 70.45 [2] [f]). In his pro se supplemental letter brief, defendant further contends that he was denied effective assistance of counsel by defense counsel's alleged failure to obtain a plea offer to a misdemeanor. To the extent that defendant's contention survives his guilty plea, we conclude that it lacks merit (see People v Rockwell, 137 AD3d 1586, 1586 [4th Dept 2016]; see generally People v Ford, 86 NY2d 397, 404 [1995]). Where, as here, "an indictment charges . . . a class C violent felony offense, then a plea of guilty must include at least a plea of guilty to a class D violent felony offense" (CPL 220.10 [5] [d] [ii]).
Entered: March 16, 2018
Mark W. Bennett
Clerk of the Court