■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER D. HALDEMAN, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Nastasi, J.), rendered November 9, 1982, convicting him of driving while intoxicated, as a felony, upon his plea of guilty, and sentencing him to a period of five years' probation, subject to the payment of a $500 fine and the revocation of his driver's license for a period of five years.

Ordered that the judgment is affirmed.

The defendant contends on appeal that because the court failed to inform him during the plea proceedings that, as part of his sentence, his driver's license would be revoked for a period of five years, the sentence imposed should be modified so as to permit him to reapply for a license to operate a motor vehicle prior to the expiration of the five-year term. We disagree.

The defendant, by failing to seek a vacatur of his plea or by otherwise failing to protest or object to the five-year revocation period before the court of first instance, has not properly preserved for appellate review the claim he now raises on appeal (see, People v Pellegrino, 60 NY2d 636).

The defendant's claim, in any event, is devoid of merit. The record discloses that the defendant had indeed been advised during his plea proceedings that his license to operate or drive a vehicle would be revoked and the imposition of a condition of revocation for a term of five years was neither unlawful nor excessive in view of the fact that the instant offense consti-

tuted the defendant's third conviction for driving while intoxicated. Mangano, J. P., Brown, Rubin and Eiber, JJ., concur.