*825 OPINION OF THE COURT
Martin Schneier, J.
New York has maintained a DNA databank since 1996. On December 5, 2005, Governor Pataki issued Executive Order No. 143 (9 NYCRR 5.143). This Executive Order directed the creation of a fourth DNA “index.” Previously, the DNA databank consisted of three indices: (1) “casework” DNA information, which consists of DNA profiles being investigated, such as those obtained from crime scenes or suspects; (2) profiles collected pursuant to Executive Law § 995 which requires the collection of samples from people convicted of specified crimes; and (3) profiles obtained from missing persons or unidentified remains. The fourth index, contemplated by the Executive Order and to be known as the “Subject Index,” was to require the inclusion of a DNA sample collected from a subject convicted of a crime whose DNA specimen was collected
“pursuant to a plea agreement, as a condition of the DOCS Temporary Release Program, DOCS CASAT [Comprehensive Alcohol and Substance Abuse Treatment] Program, the DOCS Shock Incarceration Program, release on parole, post release supervision, presumptive release, conditional release [on a definite or indeterminate sentence]; or as a condition of probation or interim probation supervision.” (9 NYCRR 5.143.)
The Division of Criminal Justice Services adopted the Executive Order by amending sections 6192.1, 6192.3 and 6192.4 of 9 NYCRR on an emergency basis on January 3, 2006. The amendments became permanent on March 22, 2006.
On January 3, 2006, respondent New York State Board of Parole issued an Operations Manual, which contains guidelines for parole officers to use in determining whether the submission of a DNA sample should be required as a special condition of parole. Parole subsequently required petitioner Laurene Gallo to submit to a DNA sample as a condition of her parole. Respondent Horn, in his capacity as Commissioner of the New York City Department of Probation, requested that the trial judges, in the criminal proceedings for petitioners McRea, ArzuHamilton and Buie, require the submission of a DNA sample as a condition of their probation.
Petitioners’ first argument is that the DNA databank represents the comprehensive will of the Legislature. Petitioners argue that the only provision in the statutes for the collec *826 tion of DNA is from designated felons. Therefore, they reason, the collection of DNA from persons other then designated felons usurps the statute.
It is without dispute that “[administrative agencies can only promulgate rules to further the implementation of law as it exists; they have no authority to create a rule out of harmony with statute.” (Matter of Jones v Berman, 37 NY2d 42, 53 [1975].) On the other hand, “While it is true that an administrative agency possesses no inherent legislative power, it may constitutionally exercise its authority by promulgating rules within the boundaries of its legislative delegation.” (Matter of Nicholas v Kahn, 47 NY2d 24, 28 [1979].)
In this instance, the court finds that the DNA Database Law constituted a large scale delegation of authority to the executive branch. The law created a commission on forensic science to formulate policy and authorizes the Division of Criminal Justice Services to establish the DNA identification index (Executive Law § 995-c [2]). By its terms, the DNA Database Law contemplates only the collection of DNA from designated offenders. Petitioners’ reading of the statute would preclude the creation of the casework or missing persons indices, without which the utility of the DNA database would be severely hampered. Accordingly, the court finds that the creation of the subject index was within the authority of the Division of Criminal Justice Services.
Petitioner Gallo also argues that Parole lacks the authority to require her to submit a sample as a condition of her parole. The imposition of conditions of parole is within the authority of the Division of Parole and is not subject to judicial review unless a positive statutory requirement is violated (People ex rel. Stevenson v Warden of Rikers Is., 24 AD3d 122, 123 [2005]). Gallo argues that “designated offenders” are the exclusive recipients of DNA testing and, therefore, that imposing DNA testing as a condition of parole violates Executive Law § 995-c (3). The court finds that Executive Law § 995-c (3) sets forth one class of people subject to testing, but does not forbid other groups from being tested. Accordingly, requiring DNA testing as a condition of parole does not violate the DNA Database Law.
Gallo also argues that the Parole Board Operations Manual confers so little discretion that it constitutes a rule or regulation that requires that the formalities of administrative procedure be observed. The rule-making process is mandated when an agency establishes precepts that remove its discretion by dictating *827 specific results in particular circumstances. “ [O]nly a fixed, general principle to be applied by an administrative agency without regard to other facts and circumstances relevant to the regulatory scheme of the statute it administers constitutes a rule or regulation’ that must be formally adopted.” (Matter of DeJesus v Roberts, 296 AD2d 307, 310 [2002], quoting Matter of Roman Catholic Diocese of Albany v New York State Dept. of Health, 66 NY2d 948, 951 [1985].) The Operations Manual states:
“Division Operations’ staff will be allowed latitude and discretion with regard to the recommendation and imposition of a special condition requiring a releasee to provide a specimen for DNA testing. To impose such a special condition there must be a reasonable and rational basis to support its imposition. Casework rationale(s) will be required in all cases and must be documented in releasees case files in accordance with agency policy when this special condition is imposed by Division Field staff.”
The court finds that, because this language confers considerable discretion on Parole staff, the Operations Manual does not constitute a rule or regulation.
Petitioners McRea, Arzu-Hamilton and Buie challenge the New York City Probation Department’s request that the trial courts in their criminal matters impose submission of a DNA sample as a special condition of probation. The imposition of a special condition of probation, however, is a determination to be made solely by the trial court and constitutes part of a criminal defendant’s sentence (People v K.D., 4 Misc 3d 776 [2004]). Because the imposition of the special condition was imposed by the sentencing court and not by respondent Horn, the propriety of its imposition cannot be addressed in this CPLR article 78 proceeding.
Accordingly, the petition is, in all respects, dismissed.