■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRUCE M. WIGGINS, JR., Appellant. [911 NYS2d 664]—

Appeals by the defendant from (1) a judgment of the County Court, Suffolk County (Hudson, J.), rendered January 14, 2010,

convicting him of aggravated unlicensed operation of a motor vehicle in the first degree and aggravated driving while intoxicated under indictment No. 1782-09, upon his plea of guilty, and imposing sentence, and (2) an amended judgment of the same court, also rendered January 14, 2010, revoking a sentence of conditional discharge previously imposed by the same court upon a finding that he had violated a condition thereof, upon his admission, and imposing a sentence of imprisonment upon his previous conviction of driving while intoxicated under indictment No. 2450-08.

Ordered that the judgment and the amended judgment are affirmed.

Contrary to the defendant's contention, he knowingly, voluntarily, and intelligently waived his right to appeal (*see People v Seaberg*, 74 NY2d 1, 11 [1989]; *People v Walsh*, 243 AD2d 590 [1997]; *People v Korona*, 197 AD2d 788, 790 [1993]). Consequently, appellate review of the factual sufficiency of his allocution to aggravated driving while intoxicated as a D felony is foreclosed (*see* Vehicle and Traffic Law § 1193 [1] [c] [ii]; *People v Budden*, 77 AD3d 672 [2010]; *People v Bohannon*, 63 AD3d 956 [2009]).

The defendant's challenge to the legality of his sentence on his conviction for aggravated unlicensed operation of a motor vehicle in the first degree, while not foreclosed by the waiver of his right to appeal and not subject to the preservation doctrine, is without merit (*see People v Seaberg*, 74 NY2d at 10; *People v Harris*, 53 AD3d 1116 [2008]; *People v Figueroa*, 17 AD3d 1130 [2005]).

The defendant's remaining contention, while also not foreclosed by the waiver of his right to appeal, is unpreserved for appellate review, and we decline to review it in the exercise of our interest of justice jurisdiction (*see People v Taubenkraut*, 48 AD3d 598 [2008]; *People v Haldeman*, 126 AD2d 565 [1987]). Mastro, J.P., Dillon, Eng and Chambers, JJ., concur.