THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIELLE LEVY, Appellant. [938 NYS2d 315]—

At sentencing the defendant moved to withdraw her plea of guilty, asserting that she was innocent. The County Court providently exercised its discretion in denying this motion since the defendant's "unsupported conclusory allegations of innocence did not warrant the vacatur of [her] guilty plea" (*People v Dickerson*, 163 AD2d 610, 611 [1990]; *see People v Telfair*, 299 AD2d 429 [2002]; *People v Tuttle*, 141 AD2d 584 [1988]). The defendant also contends that her plea of guilty was invalid because she was not informed at the time of the plea of the specific amount of community service that she would have to serve as part of her sentence. This contention, however, is unpreserved for appellate review, since the County Court informed the defendant, at the outset of the sentencing proceeding, of the specific amount of community service it would impose and the defendant did not subsequently raise this issue in support of her motion to withdraw her plea of guilty (*see People v Murray*, 15 NY3d 725, 726-727 [2010]). We decline to review this contention in the exercise of our interest of justice jurisdiction.

The defendant's waiver of her right to appeal, executed as part of her plea agreement, was voluntary, knowing, and intelligent (*see People v Lopez*, 6 NY3d 248, 256-257 [2006]; *People v Watt*, 82 AD3d 912 [2011]; *People v Kirkorov*, 68 AD3d 1014 [2009]). The defendant's valid waiver of her right to appeal precludes appellate review of her claim that the County Court

should have considered granting her a certificate of relief from disabilities and forfeitures and her related ineffective assistance of counsel claim, which did not affect the voluntariness of her plea (*see People v Bajramaj*, 54 AD3d 769 [2008]; *People v DeLuca*, 45 AD3d 777 [2007]; *People v Scott*, 39 AD3d 570, 571 [2007]).

However, the defendant's waiver of her right to appeal does not preclude review of her contention that a condition of her probation was illegally imposed (*see People v Seaberg*, 74 NY2d 1, 11 [1989]; *People v Wiggins*, 78 AD3d 1208, 1209 [2010]). We agree with the defendant that the County Court improperly directed, as a condition of probation, that the defendant install an ignition interlock device on her motor vehicle (*see* Penal Law § 65.10 [2] [k-1]). Penal Law § 65.10 (2) (k-1) expressly provides that a court may impose this condition only where the defendant "has been convicted of a violation of subdivision two, two-a or three of section eleven hundred ninety-two of the vehicle and traffic law, or any crime defined by the vehicle and traffic law of this chapter of which an alcohol-related violation of any provision of section eleven hundred ninety-two of the vehicle and traffic law is an essential element." Here, the defendant's conviction for operating a motor vehicle while under the influence of drugs pursuant to Vehicle and Traffic Law § 1192 (4) falls outside the scope of Penal Law § 65.10 (2) (k-1). Dillon, J.P., Dickerson, Chambers and Miller, JJ., concur.