OPINION OF THE COURT
Memorandum.
Ordered that the judgment of conviction is affirmed.
On September 8, 2008, after defendant had been stopped and arrested for Vehicle and Traffic Law violations, a clear plastic bag containing marihuana was discovered in defendant’s pants’ pocket, a glass pipe used to smoke crack cocaine was recovered from defendant’s shoe, and a black bag containing crack cocaine was discovered in defendant’s sock. The People charged defend *24 ant with, among other offenses, unlawful possession of marihuana (Penal Law § 221.05) and, in a felony complaint, with criminal possession of a controlled substance in the fifth degree (Penal Law § 220.06). The felony charge was reduced (see CPL 180.50) to the misdemeanor of criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03) pursuant to a negotiated plea agreement whereby defendant pleaded guilty to the charge, as reduced, and was sentenced to three years’ probation with 60 days’ shock incarceration as a condition thereof. The remaining charges were dismissed in satisfaction of the plea.
At sentencing, the Justice Court approved the prosecutor’s recommendation that, as additional conditions of probation, defendant be required to produce a DNA sample (see Executive Law § 995-c) and consent to searches of his home and automobile by a probation officer. On appeal, defendant argues that, because he was not convicted of one of the “designated offenses” set forth in Executive Law § 995 (7), he cannot be required to produce a DNA sample, and that the search condition cannot be imposed without his consent. Both claims of error are properly before us, the former because the DNA sampling order implicates the legality of the sentence (see People v Fuller, 57 NY2d 152, 156 [1982]; People v Harris, 53 AD3d 1116 [2008]; People v Benavides, 19 AD3d 134, 135 [2005]), and the latter because defendant interposed a timely objection to the condition (see CPL 470.05 [2]). Defendant’s purported waiver of his right to appeal does not bar consideration of the latter condition “as there is no indication that defendant was advised by his counsel, the court or the waiver form, as to the consequences of such a waiver that are ‘separate and distinct from those rights automatically forfeited upon a plea of guilty’ ” (People v Delvecchio, 34 Misc 3d 142[A], 2012 NY Slip Op 50091[U], *2 [App Term, 9th & 10th Jud Dists 2012], quoting People v Lopez, 6 NY3d 248, 256 [2006]; see also People v Callahan, 80 NY2d 273, 283 [1992]). Finally, defendant’s signature on the conditions of probation order did not signify his consent to the conditions, merely his acknowledgment of receipt of a copy of the order.
We find defendant’s contentions to be without merit. While Executive Law § 995 (7) does not include the offense of which defendant was convicted, by executive order, a new category of persons subject to compelled DNA sampling, the “Subject Index,” was created based upon the nature of the sentence imposed on “convicted offenders” and without refer *25 ence to whether the offense of which the offender was convicted is found in Executive Law § 995 (7) (see Executive Order [Pataki] No. 143 [9 NYCRR 5.143]; 9 NYCRR 6192.1 [aa]; Gallo v Pataki, 15 Misc 3d 824 [Sup Ct, Kings County 2007]). As one of those categories is the shock incarceration program, participation in which was a condition of defendant’s sentence of probation, the Justice Court’s DNA sampling order was authorized.
As for the search provision, similar conditions of probation have been approved by the courts, albeit generally upon the defendant’s consent thereto as a part of a negotiated plea agreement (see People v Hale, 93 NY2d 454 [1999]). Here, defendant objected to this condition and did not thereafter waive his objection by virtue of his signature indicating his acknowledgment of receipt of a copy of the court order which included the condition. Nevertheless, in People v Pagan (76 AD3d 414 [2010], lv granted 2010 NY Slip Op 84151[U] [2010]), the court approved a post-sentencing modification of the conditions of probation to include a search provision pursuant to CPL 410.20 even in the absence of the defendant’s consent thereto, a determination which requires no different result on the facts of the case at bar.
Accordingly, the judgment of conviction is affirmed.
Iannacci, J.P., Nicolai and Molia, JJ., concur.