People v Miller (2021 NY Slip Op 00868)





People v Miller


2021 NY Slip Op 00868


Decided on February 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
ROBERT J. MILLER
HECTOR D. LASALLE
BETSY BARROS, JJ.


2019-03277
 (Ind. No. 17-00669)

[*1]The People of the State of New York, respondent,
v
Marc A. Miller, appellant.


Mary Zugibe Raleigh, Warwick, NY, for appellant.
David M. Hoovler, District Attorney, Middletown, NY (William C. Ghee of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Orange County (Craig S. Brown, J.), rendered February 21, 2019, convicting him of aggravated driving while intoxicated in violation of Vehicle and Traffic Law § 1192(2-a)(b), upon his plea of guilty, and imposing a sentence of imprisonment followed by a conditional discharge including a directive that he install an ignition interlock device on any vehicle he owns or operates for a period of three years.
ORDERED that the judgment is modified, on the law, by vacating so much of the sentence as directed the defendant to install an ignition interlock device on any vehicle he owns or operates for a period of three years; as so modified, the judgment is affirmed.
As the People correctly concede, the County Court improperly imposed an ignition interlock device requirement upon the defendant. The defendant pleaded guilty to aggravated driving while intoxicated in violation of Vehicle and Traffic Law § 1192(2-a)(b) for "[d]riving while ability impaired by drugs" (Vehicle and Traffic Law § 1192[4]). A court may impose an ignition interlock device as a condition of probation and conditional discharge only for offenses involving alcohol (see Penal Law § 65.10[2][k-1]). The defendant's conviction here falls outside the scope of the statute authorizing the imposition of such a condition (see People v Levy, 91 AD3d 793). Accordingly, we modify the judgment by vacating so much of the sentence as directed the defendant to install an ignition interlock device on any vehicle he owns or operates for a period of three years.
AUSTIN, J.P., MILLER, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court