People v Redmond (2021 NY Slip Op 50649(U))

[*1]

People v Redmond (Tariq)

2021 NY Slip Op 50649(U) [72 Misc 3d 132(A)]

Decided on July 2, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on July 2, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., DAVID ELLIOT, DONNA-MARIE E. GOLIA,
JJ

2019-1702 K CR

The People of the State of New York,
Respondent,
against
Tariq Redmond, Appellant. 

Brooklyn Defender Services (Alexandra Ferlise, Anton Metlitsky, Alec Schierenbeck and Craig
McAllister of counsel), for appellant.
Kings County District Attorney (Leonard Joblove, Gamaliel Marrero and Cindy Horowitz of
counsel), for respondent.

Appeal from an amended judgment of the Criminal Court of the City of New York, Kings
County (Adam D. Perlmutter, J.), rendered October 23, 2019. The amended judgment, after a
hearing, revoked a sentence of a conditional discharge previously imposed by that court
following defendant's plea of guilty to driving while ability impaired, upon his admission that he
had violated a condition thereof, and resentenced defendant to 14 days' imprisonment and a
conditional discharge requiring defendant to install and maintain an ignition interlock device on
any vehicle he may own or operate for one year.

ORDERED that the amended judgment is modified, on the law, by striking the conditional
discharge requiring defendant to install and maintain an ignition interlock device on any vehicle
he may own or operate for one year; as so modified, the amended judgment is affirmed.
After defendant pleaded guilty to driving while intoxicated (common law) (Vehicle and
Traffic Law § 1192 [3]) and driving while ability impaired (Vehicle and Traffic Law §
1192 [1]) and successfully completed several conditions of the plea agreement, the court, in
accordance with the terms of the plea agreement, vacated defendant's plea to the charge of
driving while intoxicated so that only the charge of driving while ability impaired remained. The
court imposed the promised sentence which, insofar as is relevant here, included a one-year
conditional discharge requiring defendant to install and maintain an ignition interlock device
(IID) on any [*2]vehicle he may own or operate for one year. On
October 23, 2019, the Criminal Court resentenced defendant to 14 days' imprisonment and a
one-year conditional discharge requiring defendant to install and maintain an IID through
October 22, 2020. Defendant served the 14-day term of imprisonment, but obtained a stay of the
conditional discharge.
On appeal, defendant argues, among other things, that the Criminal Court lacked the
authority to resentence him to a conditional discharge requiring him to install and maintain an
IID, as he was only convicted of driving while ability impaired (Vehicle and Traffic Law §
1192 [1]).
Penal Law § 65.10 (2) (k-1) provides that a court may impose a condition to install and
maintain a functioning IID only where the defendant "has been convicted of a violation of
subdivision two, two-a or three of section eleven hundred ninety-two of the vehicle and traffic
law, or any crime defined by the vehicle and traffic law of this chapter of which an
alcohol-related violation of any provision of section eleven hundred ninety-two of the vehicle
and traffic law is an essential element." Here, defendant's conviction of driving while ability
impaired pursuant to Vehicle and Traffic Law § 1192 (1), a traffic infraction, falls outside
the scope of Penal Law § 65.10 (2) (k-1) (see People v Levy, 91 AD3d 793 [2012]).
Consequently, the imposition of a conditional discharge requiring defendant to install and
maintain an IID for one year is not authorized (compare Vehicle and Traffic Law §
1193 [1] [a], with Vehicle and Traffic Law § 1193 [1] [b] [ii]) and must be
stricken.
Defendant's remaining argument, raised in the alternative, has been rendered academic in
light of our determination.
Accordingly, the amended judgment is modified by striking the conditional discharge
requiring defendant to install and maintain an ignition interlock device on any vehicle he may
own or operate for one year.
ALIOTTA, P.J., ELLIOT and GOLIA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 2, 2021