■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KELLY J. ALLEN, Appellant. [654 NYS2d 194] —Crew III, J. Appeal from a judgment of the County Court of Clinton County (Lewis, J.), rendered October 30, 1995, convicting defendant upon her plea of guilty of the crime of grand larceny in the third degree.

On April 4, 1995, defendant was indicted for the crimes of grand larceny in the third degree and four counts of offering a false instrument for filing in the first degree. The charges alleged that defendant provided false information in order to obtain welfare benefits. Following the indictment, defendant moved to dismiss on the ground that, inter alia, a conflict of interest disqualified the District Attorney's office from presenting the case to the Grand Jury because defendant was represented at the time by the spouse of a member of the District Attorney's staff. County Court denied the motion in this respect, and defendant agreed to plead guilty to the grand larceny charge in full satisfaction of the indictment. The plea also included a provision that defendant would pay restitution in an amount to be determined by the probation department. The District Attorney agreed to recommend a prison term of $1^1/_3$ to 4 years, and defendant agreed to waive her right to appeal the conviction and sentence. Defendant was sentenced in accordance with the plea agreement, restitution in the amount of $8,898 was ordered, and a mandatory surcharge of $155 was imposed.

On appeal, defendant first argues that County Court erred in refusing to dismiss the indictment by reason of the District At-

torney's conflict of interest. We have stated, however, that "any infirmity in the Grand Jury proceedings arising out of the claimed conflict of interest * * * represents only the kind of nonjurisdictional defect which defendant must be held to have waived by [a] guilty plea" (*People v Bump*, 103 AD2d 974, 975; *see, People v Clute*, 226 AD2d 824, *lv denied* 88 NY2d 1020).

Next, we turn to defendant's argument that County Court lacked the power to impose both restitution and the mandatory surcharge. Defendant's argument in this regard has merit. Penal Law § 60.35 (6) prohibits the imposition of a mandatory surcharge where restitution has been directed (*see, People v Meade*, 195 AD2d 756; *People v Moore*, 176 AD2d 968). We also note that insofar as this aspect of the sentence was illegal, by operation of law it cannot stand even given the waiver of the right to appeal (*see, People v Sellers*, 222 AD2d 941; *see also, People v Seaberg*, 74 NY2d 1, 9). Accordingly, the mandatory surcharge must be vacated. The remainder of the sentence was, however, proper.

Cardona, P. J., Mikoll, Yesawich Jr. and Spain, JJ., concur. Ordered that the judgment is modified, on the law, by vacating the mandatory surcharge of $155, and, as so modified, affirmed.