OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed. Defendant was sentenced, as a second felony offender, to a prison term of from two to four years after he pleaded guilty to criminal sale of a controlled substance in the fifth degree. On
 
 *1001
 
 appeal, defendant argues that he was improperly sentenced as a second felony offender on the ground that non-Penal Law felonies cannot be considered predicate felonies for sentencing purposes under Penal Law § 70.06 (1) (b) (i). Defendant contends that the lower courts violated his equal protection rights by treating his two prior Vehicle and Traffic Law felony convictions as predicate felonies, which subjected him to harsher punishment based solely on the order the crimes were committed.
 

 Contrary to defendant’s interpretation, the express language of Penal Law § 70.06 (1) (b) (i) does not require that the prior felony be one defined by the Penal Law for defendant to be classified as a second felony offender at sentencing. Rather, the specific omission of any restrictive language preceding the definition of what constitutes a "predicate felony conviction” for sentencing purposes indicates that the Legislature intended to include any prior felony conviction, including a Vehicle and Traffic Law felony, as a predicate felony to enhance the severity of punishment. This subdivision stands in sharp contrast to the preceding subdivision which explicitly limits second felony offender status to individuals who commit a "felony defined in this chapter” (Penal Law § 70.06 [1] [a]). The Legislature designed Penal Law § 70.06 (1) (b) (i) to punish a Penal Law felony offender more harshly based on both the nature of the second felony and the commission of
 
 any
 
 prior felony. The statute serves an important deterrent purpose that is neither irrational nor unconstitutional
 
 (accord, People v Clearwater,
 
 98 AD2d 912, 913;
 
 Haag v Ward,
 
 632 F2d 206, 208;
 
 Dillard v La Vallee,
 
 559 F2d 873, 875,
 
 cert denied
 
 434 US 999).
 

 Defendant’s remaining contention is devoid of merit.
 

 Chief Judge Kaye and Judges Titone, Bellacosa, Smith, Levine, Ciparick and Wesley concur.
 

 Order affirmed in a memorandum.