■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN DOMIN, Appellant. [726 NYS2d 503] —Peters, J. Appeal from a judgment of the County Court of Ulster County (Bruhn, J.), rendered January 28, 2000, convicting defendant upon his

plea of guilty of two counts of the crime of driving while intoxicated.

On July 19, 1998 and June 19, 1999, defendant was arrested and charged with, *inter alia*, driving while intoxicated (hereinafter DWI). Prior to these arrests, he was convicted of the same charge on four separate occasions. The indictments filed as a result of the most recent arrests did not mention any of the previous convictions, as such articulation is prohibited (*see*, CPL 200.60 [1]); each indictment was accompanied by a special information, sworn to by the District Attorney, describing these prior convictions (*see*, CPL 200.60 [2]).

On May 12, 1999, in satisfaction of charges stemming from the July 19, 1998 arrest, defendant pleaded guilty to the charge of DWI. On December 28, 1999, he again pleaded guilty to the charge of DWI based upon his June 19, 1999 arrest. In each allocution, defendant admitted to the conduct charged, but reported that he drank only two beers on each night in which he was arrested. County Court accepted defendant's plea of guilty to DWI as a class E felony under the first indictment and of DWI as a class D felony under the second.

On January 28, 2000, defendant was sentenced to concurrent indeterminate terms of imprisonment of 1⅓ to 4 years on the first indictment and 1½ to 4½ years on the second. Additionally, his driving privileges were revoked and, on the E felony, he was fined "a mandatory minimum" of $1,000 with a surcharge of $155 and, on the D felony, he was fined "a mandatory minimum" of $2,000 with a surcharge of $155. Defendant appeals.

Defendant's contention that the indictments were deficient because they charged felonies elevated from misdemeanors due to previous DWI convictions without enumerating the predicate for such felonies is unavailing. The record reflects that the People properly complied with the relevant provision of the CPL by listing the prior convictions in separate documents filed with County Court as special information (*see*, CPL 200.60 [1], [2]; *see also*, *People v Cooper*, 78 NY2d 476).

Defendant's second challenge to the factual sufficiency of his plea allocution is similarly without merit. Acknowledging that he admitted to drinking only two alcoholic beverages before each arrest and that County Court failed to inquire further, we note that defendant failed to either move to withdraw his plea (*see*, CPL 220.60 [3]) or to vacate the judgment of conviction (*see*, CPL 440.10). Having failed to preserve this challenge and concluding that defendant's description of the facts underlying his plea did not negate an essential element of the crimes

charged—a narrow exception to this preservation requirement (*see, People v Lopez,* 71 NY2d 662, 666)—our review is concluded. Were we to consider the issue, we would note that the record reveals defendant's admission during allocution that he was intoxicated at the time that he was arrested and fully understood the nature of the charges and the consequences of his plea.

Next, reviewing the sentence imposed, we do not find it either harsh or excessive. Notwithstanding defendant's prior arrests for alcohol-related offenses before the July 19, 1998 arrest and the two additional alcohol-related offenses thereafter, County Court agreed to sentence him to far less prison time than the maximum allowable. Considering his criminal history and his failure to articulate any extraordinary circumstances that might warrant sentence modification, no abuse of discretion can be discerned (*see, People v McNeil,* 268 AD2d 611, 612).

As to the fines, however, we recognize that while County Court was authorized to impose both imprisonment and a fine (*see,* Vehicle and Traffic Law § 1193 [1] [c] [i], [ii]), the court erred when it described the fines as "mandatory." Since this error reflects the court's misapprehension that it had no ability to exercise its discretion concerning such fines, we must vacate this portion of the sentence and remit the matter to County Court for resentencing (*see, People v Moore,* 212 AD2d 1062; *People v Woodard,* 201 AD2d 896).

Mercure, J. P., Spain, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is modified, on the law, by vacating that portion of the sentence which imposed mandatory minimum fines upon defendant; matter remitted to the County Court of Ulster County for resentencing; and, as so modified, affirmed.