THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD M. MOORE, Appellant. (Appeal No. 1.) [735 NYS2d 288] —Judgment unanimously affirmed. Memorandum: Defendant entered pleas of guilty to crimes arising from two separate incidents upon the promise that he would be sentenced to concurrent indeterminate terms of imprisonment. However, County Court clearly and unambiguously informed defendant following entry of the pleas that, if he failed to appear for sentencing on February 24, 1999, it would not be bound by its sentence promise and could impose consecutive indeterminate terms of imprisonment of 2¹/₃ to 7 years on each felony count. Defendant agreed to that condition and thereafter failed to appear for sentencing.

We reject the contention of defendant that the condition is invalid because it was imposed after he entered his guilty pleas (*see, People v Hines,* 286 AD2d 987). We also reject the contention of defendant that he should have been afforded the opportunity to withdraw his guilty pleas prior to the imposition of the enhanced sentences (*see, People v Hughes,* 260 AD2d 657, 658, *lv denied* 93 NY2d 972). Additionally, by failing to move to withdraw the pleas or to vacate the judgments of conviction, defendant failed to preserve for our review his contention that the plea allocutions were factually insufficient (*see, People v Sennett,* 280 AD2d 998, *lv denied* 96 NY2d 787). The narrow exception to the preservation doctrine does not apply here because the plea allocutions do not cast any doubt upon defendant's guilt or otherwise call into question the voluntariness of the pleas (*see, People v Lopez,* 71 NY2d 662, 666). Defendant received meaningful representation (*see generally,*

*People v Baldi*, 54 NY2d 137, 147), and the sentences are not unduly harsh or severe. (Appeal from Judgment of Steuben County Court, Furfure, J.—Felony Driving While Intoxicated.) Present—Pigott, Jr., P. J., Wisner, Hurlbutt, Kehoe and Gorski, JJ.