■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE BONILLA, Appellant. [752 NYS2d 857] —Judgment, Supreme Court, Bronx County (Megan Tallmer, J.), rendered June 27, 2000, convicting defendant, after a jury trial, of possession of a stolen vehicle and criminal possession of stolen property in the fourth degree, and sentencing him, as a second felony offender, to concurrent terms of 2 to 4 years, unanimously modified, on the law, to the extent of reducing defendant's sentence for possession of a stolen vehicle to $1\frac{1}{3}$ to 4 years, and otherwise affirmed.

Defendant's challenges to the People's summation are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would find that the challenged remarks constituted fair comment on the evidence, and reasonable inferences to be drawn therefrom, in response to defense arguments, and did not deprive defendant of a fair trial (*see People v Overlee*, 236 AD2d 133, *lv denied* 91 NY2d 976; *People v D'Alessandro*, 184 AD2d 114, 118-119, *lv denied* 81 NY2d 884). The prosecutor did not express personal opinions on the evidence or attempt to shift the burden of proof.

The People concede the illegality of defendant's sentence on

his conviction for possession of a stolen vehicle pursuant to Vehicle and Traffic Law § 426. A person who stands convicted of a felony defined in the Vehicle and Traffic Law may not be sentenced as a second felony offender (*People v Shannon*, 89 NY2d 1000; *People v Clearwater*, 98 AD2d 912, 913). Concur—Buckley, J.P., Ellerin, Lerner, Friedman and Marlow, JJ.