■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL J. FEHR, Appellant. [757 NYS2d 205] —Appeal from a judgment of Supreme Court, Erie County (Tills, J.), entered August 13, 1999, convicting defendant upon his plea of guilty of driving while intoxicated as a felony.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by vacating the sentence and as modified the judgment is affirmed, and the matter is remitted to Supreme Court, Erie County, for resentencing.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of driving while intoxicated as a D felony (Vehicle and Traffic Law § 1192 [3]; § 1193 [1] [c] [ii]) and sentencing him to an indeterminate term of imprisonment of 2⅓ to 7 years and a $2,000 fine. At the outset, we note that the record does not establish that defendant's waiver of the right to appeal was knowing, voluntary and intelligent (*see*

*People v Brown,* 296 AD2d 860 [2002], *lv denied* 98 NY2d 767 [2002]; *People v Kemp,* 255 AD2d 397 [1998]). We additionally note that, even if it were valid, the waiver of the right to appeal would not preclude defendant's challenge to the severity of the sentence because there is no indication that defendant was advised of the sentencing options or maximum term of imprisonment that Supreme Court could impose in its discretion (*cf. People v Lococo,* 92 NY2d 825, 827 [1998]; *People v Hidalgo,* 91 NY2d 733, 737 [1998]). Nor would such waiver of appeal preclude defendant's challenge to the imposition of the fine because "a defendant may not waive the right to challenge the legality of a sentence" (*People v Seaberg,* 74 NY2d 1, 9 [1989]; *see People v Callahan,* 80 NY2d 273, 280 [1992]; *People v Hager,* 213 AD2d 1008 [1995]; *People v Moore,* 212 AD2d 1062 [1995]).

Contrary to his contention, defendant had no right to receive a commitment by the court to the imposition of a particular sentence before entering his plea of guilty (*see generally* CPL 220.50 [5]). Further, the court did not abuse its discretion in imposing the maximum term of imprisonment (*see People v Palmateer,* 290 AD2d 728 [2002]; *People v Moore,* 289 AD2d 1037 [2001], *lv denied* 97 NY2d 731 [2002]; *cf. People v Lancaster,* 272 AD2d 719, 720 [2000]). "We are constrained, however, to vacate the sentence * * *. The court described the fine as the 'minimum mandatory,' thereby indicating 'the court's misapprehension that it had no ability to exercise its discretion' in determining whether to impose a fine" (*People v John,* 288 AD2d 848, 850 [2001], *lv denied* 97 NY2d 705 [2001]; *see People v Domin,* 284 AD2d 731, 733 [2001], *lv denied* 96 NY2d 918, [2001] *reconsideration granted and order amended on other grounds* 291 AD2d 580 [2002]; *People v Swan,* 277 AD2d 1033, 1034 [2000], *lv denied* 96 NY2d 788 [2001]; *People v Thomas,* 245 AD2d 1136, 1137 [1997]; *Moore,* 212 AD2d 1062 [1995]). "We therefore modify the judgment by vacating the sentence * * * and we remit the matter to [Supreme Court, Erie County,] for resentencing" (*John,* 288 AD2d at 850; *see Swan,* 277 AD2d at 1034). Present—Pine, J.P., Scudder, Kehoe, Lawton and Hayes, JJ.