(September 25, 2003)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN DOMIN, Appellant. [764 NYS2d 670] —Peters, J. Appeal from a judgment of the County Court of Ulster County (Bruhn, J.), rendered August 2, 2001, which resentenced defendant following his conviction of two counts of the crime of driving while intoxicated.

Pursuant to a plea agreement, defendant pleaded guilty to driving while intoxicated as a class E felony and driving while intoxicated as a class D felony, in full satisfaction of two separate indictments. He was sentenced in January 2000 to concurrent indeterminate prison terms of 1$^1$/$_3$ to 4 years and 1$^1$/$_2$ to 4$^1$/$_2$ years, respectively. In addition, his license was revoked and he was fined $1,000 plus a surcharge of $155 on the class E felony and $2,000 plus a $155 surcharge on the class D felony. On appeal to this Court, County Court's judgment was modified by vacating so much of the sentence as imposed both fines and the matter was remitted for resentencing (284 AD2d 731 [2001], *lv denied* 96 NY2d 918 [2001]). Defendant's subsequent motion for reconsideration by this Court was granted and its earlier judgment was modified by reducing the sentence imposed on defendant's conviction of the class D felony to 1$^1$/$_3$ to 4 years (291 AD2d 580 [2002]).

Defendant contends on this appeal that County Court erred by holding the resentencing hearing in August 2001 in his absence (although, it should be noted, defense counsel was present). We disagree. The sole object of the resentencing hearing was for County Court to carry out this Court's order by vacating so much of the earlier sentence as had imposed fines (284 AD2d 731 [2001], *supra*). Having carried out this ministerial function, there was nothing further for County Court to consider at the hearing and, accordingly, nothing that could have been added by the presence of defendant, who was in no way prejudiced by his absence.

At this juncture in the matter under review, any relief for which defendant is eligible would appear to have been granted: (1) his sentence has been modified so that it comports with the statutory guidelines; and (2) the previously-imposed fines have been vacated. As defendant has received the full benefit of his negotiated plea bargain agreement, the judgment under review will not be disturbed (*see People v Sheils*, 288 AD2d 504, 505 [2001], *lv denied* 97 NY2d 733 [2002]).

Mercure, J.P., Spain, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed.