■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE FIGUEROA, Appellant. [794 NYS2d 262]—Appeal from a judgment of the Erie County Court (Timothy J. Drury, J.), rendered November 10, 2003. The judgment convicted defendant, upon his plea of guilty, of aggravated unlicensed operation of a motor vehicle in the first degree, driving while intoxicated and reckless driving.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified as a matter of discretion in the interest of justice and on the law by reducing the mandatory surcharge to $160 and by vacating the sentences imposed on driving while intoxicated and reckless driving and as modified the judgment is affirmed, and the matter is remitted to Erie County Court for resentencing on counts two and three of the superior court information.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of aggravated unlicensed operation of a motor vehicle in the first degree (Vehicle and Traffic Law § 511 [3] [a] [i]); driving while intoxicated as a misdemeanor (§ 1192 [3]; § 1193 [1] [b]) and reckless driving (§ 1212). We reject the contention of defendant that his waiver of the right to appeal was not voluntary, knowing and intelligent (*see generally People v Allen*, 82 NY2d 761, 763 [1993]). That waiver encompasses defendant's contention that the incarceration portion of the sentence is unduly harsh or severe (*see People v Lococo*, 92 NY2d 825, 827 [1998]). Defendant's contention that County Court erred in calculating the mandatory surcharge, however, survives the waiver of the right to appeal (*see People v Nicholson*,

15 AD3d 237 [2005]; *People v Allen,* 236 AD2d 653, 654 [1997]). Although that contention is not preserved for our review, we exercise our power to review it as a matter of discretion in the interest of justice (*see People v McQueen,* 11 AD3d 1005, 1006-1007 [2004], *lv denied* 4 NY3d 765 [2005]), and we modify the judgment by reducing the mandatory surcharge pursuant to the applicable provisions of Vehicle and Traffic Law former § 1809 to $160. We further modify the judgment by vacating the sentences imposed on misdemeanor driving while intoxicated and reckless driving, and we remit the matter to County Court for resentencing on counts two and three of the superior court information. The court imposed what it described as the "mandatory minimum fines" on those counts. That description "reflects the court's misapprehension that it had no ability to exercise its discretion concerning such fines" (*People v Domin,* 284 AD2d 731, 733 [2001], *lv denied* 96 NY2d 918 [2001]; *see People v Fehr,* 303 AD2d 1039, 1040 [2003], *lv denied* 100 NY2d 538 [2003]; *People v John,* 288 AD2d 848, 850 [2001], *lv denied* 97 NY2d 705 [2002]). Because "defendant may not waive the right to challenge the legality of a sentence" (*People v Seaberg,* 74 NY2d 1, 9 [1989]), his waiver of the right to appeal does not preclude his challenge to the imposition of those fines (*see Fehr,* 303 AD2d at 1040). Present—Green, J.P., Hurlbutt, Martoche, Lawton and Hayes, JJ.