Kavanagh, J.
In full satisfaction of a three-count indictment, defendant pleaded guilty to driving while intoxicated as a felony and executed a waiver of the right to appeal. Under the terms of the plea agreement, defendant was to be sentenced to a maximum prison term of U/s to 4 years which, in County Court’s discretion, could be deemed to run consecutively or concurrently with a previously imposed sentence depending upon the information the court received regarding defendant’s background at the *1035 time sentence was to be imposed. The court thereafter sentenced defendant to a prison term of 1 to 3 years, to run consecutively to the undischarged prison term, and imposed a $2,000 fine. Defendant now appeals.
Defendant argues, and the record confirms, that the imposition of a fine was not part of the plea agreement and defendant was never advised prior to entering the guilty plea that a fine would be imposed as part of his sentence. In addition, while defendant declined County Court’s offer to withdraw his plea, that decision was made only after defendant had been advised by the court and his counsel — albeit mistakenly — that the imposition of a fine was mandated by the statute (see Vehicle and Traffic Law § 1193 [1] [c] [ii]). Therefore, defendant’s claim regarding the imposition of this part of the sentence survives the waiver of his right to appeal (see People v Callahan, 80 NY2d 273, 280 [1992]; People v Greathouse, 62 AD3d 1212, 1213 [2009], lv denied 13 NY3d 744 [2009]; People v Figueroa, 17 AD3d 1130, 1130 [2005], lv denied 5 NY3d 788 [2005]), and we agree with defendant that, even though he did not seek to vacate his plea, the provision of his sentence imposing a fine must be vacated (see People v Figueroa, 17 AD3d at 1130; People v Fehr, 303 AD2d 1039, 1040 [2003], lv denied 100 NY2d 538 [2003]; People v Domin, 284 AD2d 731, 733 [2001], lv denied 96 NY2d 918 [2001], amended 291 AD2d 580 [2002]).
Further, as the People concede, defendant was not sentenced as a second felony offender and the notation to that effect must be removed from the sentencing and commitment form (see People v Vasavada, 93 AD3d 893, 894 [2012], lv denied 19 NY3d 978 [2012]; People v Hawkins, 70 AD3d 1389, 1390 [2010], lv denied 14 NY3d 888 [2010]).* Finally, defendant’s contention regarding the severity of his prison sentence is precluded by his valid waiver of the right to appeal his conviction and sentence (see People v Santana, 95 AD3d 1503, 1504 [2012]; People v McDonald, 295 AD2d 756, 757 [2002], lv denied 98 NY2d 711 [2002] ).
Mercure, J.P, Spain, Malone Jr. and Egan Jr., JJ. concur. Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by eliminating the fine and, as so modified, affirmed.

 In fact, defendant could not have been sentenced as a second felony offender (see Vehicle and Traffic Law § 1193 [1] [c] [ii]; People v Shannon, 89 NY2d 1000, 1001 [1997]; People v Clearwater, 98 AD2d 912, 912-913 [1983]).