THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BERNICE M. DUQUETTE, Appellant. [952 NYS2d 909]—

Appeal from a judgment of the County Court of Clinton County (Ryan, J.), rendered April 4, 2011, convicting defendant upon her plea of guilty of the crimes of driving while intoxicated (two counts) and aggravated unlicensed operation of a motor vehicle in the first degree.

In satisfaction of a superior court information, defendant pleaded guilty to two felony counts of driving while intoxicated (*see* Vehicle and Traffic Law § 1192 [2], [3])[1] and one count of aggravated unlicensed operation of a motor vehicle in the first degree (*see* Vehicle and Traffic Law § 511 [3] [a]). Thereafter,

---

**1.** An information setting forth defendant's prior conviction in November 2009 of driving while intoxicated pursuant to Vehicle and Traffic Law § 1192 (2) was filed contemporaneously with the superior court information so as to satisfy the statutory prerequisite to charge defendant with the two counts of driving while intoxicated as class E felonies (*see* Vehicle and Traffic Law § 1193 [1] [c] [i]).

defendant was sentenced to three concurrent prison terms of 1⅓ to 4 years, as well as what County Court described as "minimum mandatory fines" of $1,000 on each of the driving while intoxicated counts and $500 on the aggravated unlicensed operation count. Defendant thereafter filed a notice of appeal, solely challenging the sentence imposed.

Defendant contends, and the People concede, that County Court's use of the phrase "mandatory" in imposing the fines for the driving while intoxicated counts was erroneous[2] inasmuch as it appears to indicate "the court's misapprehension that it had no ability to exercise its discretion" in determining whether it was appropriate to impose a fine (*People v Domin*, 284 AD2d 731, 733 [2001], *lv denied* 96 NY2d 918 [2001], *order amended* 291 AD2d 580 [2002]; *see People v Figueroa*, 17 AD3d 1130 [2005], *lv denied* 5 NY3d 788 [2005]). Specifically, while the court possessed the authority to impose both imprisonment and a fine in this case as to those counts (*see* Vehicle and Traffic Law § 1193 [1] [c] [i]), it was improper to describe such fines as "mandatory." Accordingly, we deem it appropriate to remit the matter for resentencing as to those fines (*see People v Domin*, 284 AD2d at 732).

Rose, J.P., Lahtinen, Spain, McCarthy and Egan Jr., JJ., concur. Ordered that the judgment is modified, on the law, by vacating that portion of the sentence as imposed mandatory minimum fines upon defendant with respect to the two counts of driving while intoxicated; matter remitted to the County Court of Clinton County for resentencing with respect thereto; and, as so modified, affirmed.

---

2. Although the People made the same concession with respect to the aggravated unlicensed operation count, we find no error inasmuch as a fine is a mandatory component of a conviction pursuant to that statutory section (*see* Vehicle and Traffic Law § 511 [3] [b]).