■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RANDA BILLS, Appellant. [958 NYS2d 834]—

Appeal from a judgment of the Cattaraugus County Court (Larry M. Himelein, J.), rendered May 2, 2011. The judgment convicted defendant, upon his plea of guilty, of driving while intoxicated, a class E felony (two counts).

It is hereby ordered that the judgment so appealed from is unanimously modified on the law by vacating the sentence imposed and as modified the judgment is affirmed, and the matter is remitted to Cattaraugus County Court for resentencing.

Memorandum: Defendant appeals from a judgment convicting her, upon her plea of guilty, of two counts of driving while intoxicated as a felony (Vehicle and Traffic Law §§ 1192 [2]; 1193 [1] [c]). Although defendant validly waived her right to appeal, we agree with defendant that her sentence must be vacated because the record establishes that County Court misapprehended its discretion in imposing a $1,000 fine on each count (*see People v Figueroa*, 17 AD3d 1130, 1131 [2005], *lv denied* 5 NY3d 788 [2005]; *People v John*, 288 AD2d 848, 850 [2001], *lv*

*denied* 97 NY2d 705 [2002]). The court's statement, "I will have to fine you," reflects "the court's misapprehension that it had no ability to exercise its discretion in determining whether to impose a fine" (*People v Kropp*, 49 AD3d 1339, 1340 [2008] [internal quotation marks omitted]; *see Figueroa*, 17 AD3d at 1131; *People v Fehr*, 303 AD2d 1039, 1040 [2003], *lv denied* 100 NY2d 538 [2003]). We therefore modify the judgment by vacating the sentence, and we remit the matter to County Court for resentencing. In light of our determination, we do not address defendant's remaining contention. Present—Centra, J.P., Peradotto, Lindley, Whalen and Martoche, JJ.