# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1423**
**KA 11-01777**
PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, WHALEN, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                      MEMORANDUM AND ORDER

RANDA BILLS, DEFENDANT-APPELLANT.

---

CARR SAGLIMBEN LLP, OLEAN (JAY D. CARR OF COUNSEL), FOR
DEFENDANT-APPELLANT.

LORI PETTIT RIEMAN, DISTRICT ATTORNEY, LITTLE VALLEY (KELLY M. BALCOM
OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Cattaraugus County Court (Larry M.
Himelein, J.), rendered May 2, 2011. The judgment convicted
defendant, upon his plea of guilty, of driving while intoxicated, a
class E felony (two counts).

It is hereby ORDERED that the judgment so appealed from is
unanimously modified on the law by vacating the sentence imposed and
as modified the judgment is affirmed, and the matter is remitted to
Cattaraugus County Court for resentencing.

Memorandum: Defendant appeals from a judgment convicting her,
upon her plea of guilty, of two counts of driving while intoxicated as
a felony (Vehicle and Traffic Law §§ 1192 [2]; 1193 [1] [c]).
Although defendant validly waived her right to appeal, we agree with
defendant that her sentence must be vacated because the record
establishes that County Court misapprehended its discretion in
imposing a $1,000 fine on each count (*see People v Figueroa*, 17 AD3d
1130, 1131, *lv denied* 5 NY3d 788; *People v John*, 288 AD2d 848, 850, *lv
denied* 97 NY2d 705). The court's statement, "I will have to fine
you," reflects "the court's misapprehension that it had no ability to
exercise its discretion in determining whether to impose a fine"
(*People v Kropp*, 49 AD3d 1339, 1340 [internal quotation marks
omitted]; *see Figueroa*, 17 AD3d at 1131; *People v Fehr*, 303 AD2d 1039,
1040, *lv denied* 100 NY2d 538). We therefore modify the judgment by
vacating the sentence, and we remit the matter to County Court for
resentencing. In light of our determination, we do not address
defendant's remaining contention.

Entered: February 1, 2013                        Frances E. Cafarell
                                                 Clerk of the Court