■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHEN OLMSTEAD, Appellant. [975 NYS2d 359]—

Peters, P.J. Appeal from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered November 7, 2011, convicting defendant upon his plea of guilty of the crime of driving while intoxicated.

In satisfaction of a three-count indictment, defendant pleaded guilty to misdemeanor driving while intoxicated and waived his right to appeal. County Court thereafter sentenced him to 30 days in jail and three years of probation, and imposed a fine of $1,000 plus fees and surcharges. Defendant appeals.

Defendant asserts that the indictment is defective in that it incorrectly charged the misdemeanor counts of driving while intoxicated as class A, rather than unclassified, misdemeanors. Any such deficiency in the indictment would constitute a technical, nonjurisdictional defect that was waived by defendant's guilty plea (*see People v Porath*, 104 AD3d 1028, 1029 [2013], *lv denied* 21 NY3d 1019 [2013]; *People v Taylor*, 82 AD3d 1291, 1291 [2011], *lv denied* 16 NY3d 900 [2011]; *People v Cullen*, 62 AD3d 1155, 1157 [2009], *lv denied* 13 NY3d 795 [2009]).

However, we are constrained to vacate that portion of defendant's sentence that imposed a fine. Initially, we note that defendant's challenge to the fine survives his waiver of the right to appeal inasmuch as it implicates his "right to be sentenced as provided by law" (*People v Fuller*, 57 NY2d 152, 156 [1982]; *see People v Figueroa*, 17 AD3d 1130, 1131 [2005], *lv denied* 5 NY3d 788 [2005]; *People v Fehr*, 303 AD2d 1039, 1040 [2003], *lv denied* 100 NY2d 538 [2003]; *People v Moore*, 212 AD2d 1062, 1062 [1995]). Pursuant to Vehicle and Traffic Law § 1193 (1) (b), County Court was authorized to impose a term of imprisonment, a fine or both upon defendant's conviction for driving while intoxicated. However, the court improperly described the fine as "mandatory" during the plea colloquy and there is no indication that it understood otherwise when it imposed the fine at sentencing. On this record, it is unclear whether County Court misapprehended its ability to exercise discretion in determining whether to impose a fine (*see People v Bills*, 103 AD3d 1149, 1149-1150 [2013]; *People v Duquette*, 100 AD3d 1105, 1106 [2012]; *People v Barber*, 31 AD3d 1145, 1146 [2006]; *People v Figueroa*, 17 AD3d at 1131; *People v Fehr*, 303 AD2d at 1040). Accordingly, we vacate the portion of the sentence that imposed a fine and remit the matter to County Court to exercise its discretion with respect to the imposition of such fine (*see People v Duquette*, 100 AD3d at 1106; *People v Domin*, 284 AD2d 731, 733 [2001], *lv denied* 96 NY2d 918 [2001], *amended* 291 AD2d 580 [2002]).

Stein, McCarthy and Spain, JJ., concur. Ordered that the judgment is modified, on the law, by vacating that portion of the sentence as imposed a fine upon defendant; matter remitted to the County Court of St. Lawrence County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.