# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**318**

**KA 12-00720**

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

THEODORE MCMILLAN, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (BRYCE THERRIEN OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (MARIA MALDONADO OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (William D. Walsh, J.), rendered October 4, 2011. The judgment convicted defendant, upon his plea of guilty, of burglary in the first degree, criminal possession of a weapon in the second degree and menacing in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him, upon his plea of guilty, of burglary in the first degree (Penal Law § 140.30 [4]), criminal possession of a weapon in the second degree (§ 265.03 [3]), and menacing in the second degree (§ 120.14 [1]), defendant contends that his waiver of the right to appeal is unenforceable, and that his sentence is unduly harsh and severe. Even assuming, arguendo, that defendant did not voluntarily waive his right to appeal, as defendant contends, and that his challenge to the severity of the sentence is therefore properly before us (*cf. People v Figueroa*, 17 AD3d 1130, 1130, *lv denied* 5 NY3d 788), we perceive no basis to modify the sentence as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [b]). We note that, during his commission of the burglary, defendant pointed a loaded handgun at an infant and fired the weapon several times at another person. One of the bullets grazed that person's scalp. We also note that defendant, who was 20 years old when he committed the crimes, has a prior felony conviction and has violated two terms of probation. Consistent with its sentence promise, County Court sentenced defendant on the felony counts to an aggregate determinate term of imprisonment of 13 years, which is far less than the maximum of 25 years, and less than the 17 years requested by the People. Under the circumstances, it cannot be

said that the sentence is unduly harsh or severe.