People v Pearson (2018 NY Slip Op 07908)





People v Pearson


2018 NY Slip Op 07908


Decided on November 16, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, LINDLEY, AND NEMOYER, JJ.


1212 KA 15-01778

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
RINALDO R. PEARSON, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (KRISTIN M. PREVE OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (ASHLEY R. LOWRY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Erie County (M. William Boller, A.J.), rendered March 31, 2015. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree and driving while intoxicated. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating the sentence imposed on count two of the indictment, and as modified the judgment is affirmed, and the matter is remitted to Supreme Court, Erie County, for resentencing on that count.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]) and misdemeanor driving while intoxicated (DWI) (Vehicle and Traffic Law §§ 1192 [2]; 1193 [1] [b] [i]). Defendant contends, and the People concede, that Supreme Court failed to apprehend the extent of its sentencing discretion on the DWI count. We agree. Defendant's contention is not foreclosed by his waiver of the right to appeal and does not require preservation (see People v Davis, 115 AD3d 1239, 1239 [4th Dept 2014]). During the plea colloquy, the court informed defendant that the fine for the DWI was between $1,000 and $5,000, when in fact the fine was between $500 and $1,000, and it was discretionary, not mandatory, if the court imposed a period of imprisonment (see § 1193 [1] [b] [i]; People v Bills, 103 AD3d 1149, 1149-1150 [4th Dept 2013]; People v Swan, 277 AD2d 1033, 1034 [4th Dept 2000], lv denied 96 NY2d 788 [2001]). Additionally, the record does not establish that the court was aware of the possible periods of probation and the duration for the condition of the ignition interlock device (see Penal Law § 65.00 [3] [d]; Vehicle and Traffic Law § 1193 [1] [b] [ii]; cf. People v Beyrau, 115 AD3d 1240, 1240 [4th Dept 2014]). We therefore modify the judgment by vacating the sentence imposed on count two of the indictment, and we remit the matter to Supreme Court for resentencing on that count (see Bills, 103 AD3d at 1150).
Entered: November 16, 2018
Mark W. Bennett
Clerk of the Court