People v Johnson (2023 NY Slip Op 05754)

People v Johnson

2023 NY Slip Op 05754

Decided on November 16, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 16, 2023

110489 113004 113549
[*1]The People of the State of New York, Respondent,
v
Taylor T. Johnson, Appellant.

Calendar Date:October 18, 2023

Before:Clark, J.P., Aarons, Pritzker, Ceresia and Fisher, JJ.

Brian M. Callahan, Albany, for appellant, and appellant pro se.
P. David Soares, District Attorney, Albany (Jonathan P. Catania of counsel), for respondent.

Pritzker, J.
Appeals (1) from a judgment of the County Court of Albany County (William A. Carter, J.), rendered April 3, 2018, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the second degree, (2) by permission, from an order of said court (Andra Ackerman, J.), dated July 27, 2021, which denied defendant's motion pursuant to CPL 440.20 to set aside the sentence, without a hearing, and (3) by permission, from an order of said court (Andra Ackerman, J.), dated June 22, 2022, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.
Defendant was charged by felony complaints with criminal possession of a weapon in the second degree (two counts), criminal possession of a weapon in the third degree (two counts), criminal possession of a controlled substance in the third degree (two counts) and criminally using drug paraphernalia in the second degree when two loaded handguns and cocaine were found during the execution of a search warrant at his residence on February 14, 2018. Defendant thereafter waived indictment and agreed to be prosecuted by a superior court information charging him with one count of criminal possession of a weapon in the second degree, with the understanding that he would be sentenced to a prison term of six years, to be followed by five years of postrelease supervision. The plea agreement also required defendant to waive his right to appeal. Defendant pleaded guilty as contemplated by the plea agreement and County Court (Carter, J.) imposed the agreed-upon sentence, as an acknowledged second felony offender.[FN1] Defendant subsequently moved, pro se, to set aside his sentence pursuant to CPL 440.20, which the People opposed, and County Court (Ackerman, J.) denied by order dated July 27, 2021. Defendant later moved to vacate the judgment of conviction pursuant to CPL 440.10, opposed by the People, and County Court denied the motion in June 2022, without a hearing. Defendant appeals from the judgment of conviction and, by permission, from the orders denying his CPL article 440 motions.
Defendant contends that his plea was not voluntary, knowing or intelligent in that County Court (Carter, J.) failed to properly apprise him of a Boykin right (Boykin v Alabama, 395 US 238, 243 [1969]), specifically his right against self-incrimination, and failed to ensure that he had conferred with counsel regarding this right. Although this claim survives defendant's unchallenged waiver of appeal (see People v Barney, 215 AD3d 1137, 1139 [3d Dept 2023], lv denied 40 NY3d 927 [2023]), given that he did not move to withdraw his plea despite an opportunity to do so, this issue is unpreserved for our review (see People v Conceicao, 26 NY3d 375, 382 [2015]; People v Kimball, 213 AD3d 1028, 1030 [3d Dept 2023], lv denied 40 NY3d 929 [2023]) and the narrow exception to the preservation requirement was not triggered (see People v Williams, 27 NY3d 212, 214, 219-223 [2016[*2]]; People v Lopez, 71 NY2d 662, 666-667 [1988]).
Defendant raises numerous claims in his pro se brief, which we have examined and found to be without merit. Although defendant is correct that the waiver of indictment did not specify the time of day that he committed the crime charged in the superior court information, this nonjurisdictional claim regarding a non-elemental omission was waived by his guilty plea (see People v Walley, 36 NY3d 967, 968 [2020]; People v Thomas, 34 NY3d 545, 568-569 [2019]). Defendant's challenge to the search warrant as not supported by probable cause was likewise waived by his guilty plea (see People v Fernandez, 67 NY2d 686, 688 [1986]; People v Monk, 189 AD3d 1970, 1971 [3d Dept 2020], lv denied 37 NY3d 958 [2021]) and, moreover, during the plea allocution defendant expressly waived any pretrial hearings or motions.[FN2] Contrary to defendant's challenge to the lawfulness of second felony offender sentencing,[FN3] his prior felony driving while ability impaired conviction (see Vehicle and Traffic Law § 1192 [4-a]) properly served as a predicate offense upon which to adjudicate him a second felony offender (see People v Shannon, 89 NY2d 1000, 1001 [1997]; People v Baker, 27 AD3d 1006, 1010 [3d Dept 2006], lv denied 7 NY3d 785 [2006]; see also Vehicle and Traffic Law § 1193 [1] [c])
We now turn to the denial by County Court (Ackerman, J.) of defendant's postconviction motions. A motion pursuant to CPL 440.20 to set aside a sentence must be premised "upon the ground that it was unauthorized, illegally imposed or otherwise invalid as a matter of law" (CPL 440.20 [1]; see People v Vanderhorst, 199 AD3d 119, 123 [3d Dept 2021], lv denied 37 NY3d 1099 [2021]).[FN4] Defendant's challenge to his sentencing as a second felony offender is premised upon the same grounds raised and rejected on his direct appeal herein, and his reliance on restrictions on guilty pleas under indictment (see CPL 220.10, 220.20) is misplaced given that he waived indictment. As the second felony offender sentence imposed for this class C violent felony, six years followed by five years of postrelease supervision, was lawful (see Penal Law §§ 70.02 [1] [b]; 70.06 [6] [b]; 70.45 [2]; 265.03 [3]), and defendant did not allege any grounds constituting a legal basis for this motion,[FN5] it was properly denied, without a hearing (see CPL 440.20 [1]; 440.30 [4] [a], [d]).[FN6]
County Court also properly denied defendant's motion to vacate the judgment of conviction pursuant to CPL 440.10 (1) (h), which was premised upon the claim that he received ineffective assistance of counsel in that counsel failed to investigate the facts, research the law or develop the record prior to his plea and did not review or challenge the search warrant, the execution of which produced the evidence that led to these charges. Since "these contentions raise both record-based and nonrecord-based allegations of ineffectiveness, they will be addressed together in their entirety in the context of defendant's [*3]appeal from the denial of his CPL 440.10 motion" (People v White-Span, 182 AD3d 909, 914 [3d Dept 2020], lv denied 35 NY3d 1071 [2020]). "On a motion to vacate a judgment of conviction under CPL 440.10, a hearing is only required if the submissions show that the nonrecord facts sought to be established are material and would entitle the defendant to relief. Furthermore, a court may deny a vacatur motion without a hearing if it is based on the defendant's self-serving claims that are contradicted by the record or unsupported by any other evidence" (People v Dunbar, 218 AD3d 931, 933-934 [3d Dept 2023] [internal quotation marks and citations omitted], lv denied 40 NY3d 950 [2023]).
Counsel assigned on this postconviction motion submitted an affidavit recounting that he had contacted trial counsel, who could not recall if the warrant application had been reviewed but noted that plea negotiations were difficult given that defendant violated probation at the time of these crimes; trial counsel indicated that, while it was possible he did not review the application, it may have been due to the People's wish to keep the informant's identity confidential and, as such, was a negotiating tool. Defendant's claims regarding trial counsel's representation and what counsel investigated are unsupported by any other evidence and, indeed, during the plea allocution, defendant specifically acknowledged that he had discussed the evidence and possible defenses with counsel and that he had sufficient time to confer with counsel, and he expressly waived any pretrial motions or hearings. Notably, defendant was aware that the evidence against him was procured during the execution of the search warrant and that trial counsel had not challenged the search warrant and could have raised this issue before County Court, and unjustifiably failed to do so, supporting the denial of the motion on this ground (see CPL 440.10 [3] [a]). With regard to the purported failure to investigate, "defendant offered nothing aside from his own, unsworn account of defense counsel's representation, and his failure to provide any affirmation from counsel regarding those points, or an explanation for the failure to do so, warranted summary denial of that part of the motion" (People v Hinds, 217 AD3d 1138, 1142 [3d Dept 2023] [internal quotation marks and citations omitted], lv denied 40 NY3d 951 [2023]). As such, defendant's conclusory claims are either unsupported by any evidence or belied by the record and, absent any showing that a hearing was needed, the court properly denied the motion without a hearing (see CPL 440.30 [4] [d]).
Moreover, defendant has not demonstrated the "absence of strategic or other legitimate explanations for counsel's allegedly deficient conduct" (People v Caban, 5 NY3d 143, 152 [2005] [internal quotation marks and citation omitted]), namely, the strategy of forgoing suppression efforts and pursuing a favorable, preindictment plea agreement resolving the weapons and [*4]drug-related charges, for which defendant faced potential 15-year sentences (see People v Gonyea, 211 AD3d 1102, 1104-1105 [3d Dept 2022], lv denied 39 NY3d 1110 [2023]; see also Penal Law § 70.06 [3] [c]). "In the context of a guilty plea, a defendant has been afforded meaningful representation when he or she receives an advantageous plea and nothing in the record casts doubt upon the apparent effectiveness of counsel" (People v Hardie, 211 AD3d 1418, 1420 [3d Dept 2022] [internal quotation marks and citations omitted], lv denied 39 NY3d 1111 [2023]). In light of the foregoing, and given the absence of anything else in the record before us that would support defendant's claims of ineffective assistance, we find that the denial of his motion to vacate the judgment of conviction without a hearing did not constitute an abuse of discretion (see People v Wright, 27 NY3d 516, 520 [2016]). Defendant's remaining claims similarly lack merit.
Clark, J.P., Aarons, Ceresia and Fisher, JJ., concur.
ORDERED that the judgment and the orders are affirmed.

Footnotes

Footnote 1: County Court ordered the sentence to be served consecutively to an unrelated sentence defendant was already serving for a violation of probation.

Footnote 2: To the extent that defendant appears to challenge his 2016 arrest and 2017 conviction for driving while ability impaired (see Vehicle and Traffic Law § 1192 [4-a]) and the sentence imposed thereon, defendant acknowledged that predicate conviction at sentencing in this matter. As his notices of appeal do not reference that predicate conviction (see CPL 460.10), it is not properly before us. Defendant does not challenge the procedures followed in the predicate sentencing (see CPL 400.21).

Footnote 3: Defendant's challenge to the legality of his predicate sentencing "falls outside the preservation rule" (People v Samms, 95 NY2d 52, 56 [2000]).

Footnote 4: "A motion pursuant to CPL 440.20 to set aside a sentence may be brought even though the illegality upon which it is grounded presently is appealable or could with due diligence have been appealed" (People v Jurgins, 26 NY3d 607, 612 n 2 [2015] [internal quotation marks, brackets and citation omitted]).

Footnote 5: To the extent that County Court, in part, addressed defendant's CPL 440.20 motion as one made pursuant to CPL 440.10, we discern no error in the denial of the motion and address defendant's claims in the context of his CPL 440.10 motion, infra.

Footnote 6: To the extent that defendant argued in his CPL 440.20 motion that the waiver of appeal is invalid in that it did not preserve his right to challenge his sentence as unduly harsh or severe, and that this sentence is harsh and excessive, neither of these claims would render his sentence "unauthorized, illegally imposed or otherwise invalid as a matter of law" (CPL 440.20 [1]). As such, these allegations would not entitle him to have his sentence set aside in the context of that motion. Defendant's appellate briefs do not challenge the waiver of appeal or the severity of his sentence on his direct appeal.