People v Burtner (2025 NY Slip Op 01407)

People v Burtner

2025 NY Slip Op 01407

Decided on March 13, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 13, 2025

CR-24-0005
[*1]The People of the State of New York, Respondent,
v
Michael W. Burtner, Appellant.

Calendar Date:January 13, 2025

Before:Egan Jr., J.P., Clark, Reynolds Fitzgerald, Fisher and Mackey, JJ.

Easton Thompson Kasperek Shiffrin LLP, Rochester (Brian Shiffrin of counsel), for appellant.
Weeden A. Wetmore, District Attorney, Elmira (Anne H. Stark of counsel), for respondent.

Reynolds Fitzgerald, J.
Appeal, by permission, from an order of the County Court of Chemung County (Ottavio Campanella, J.), entered November 30, 2023, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting him of the crimes of rape in the first degree, criminal sexual act in the first degree (three counts), aggravated sexual abuse in the third degree, criminal obstruction of breathing or blood circulation, assault in the second degree and assault in the third degree, without a hearing.
Defendant and the victim in this case were, at the time of the relevant events, in a relationship. The counts in the indictment stem from allegations that defendant physically and sexually assaulted and raped the victim on various dates between May 2, 2019 and May 5, 2019, immediately after he discovered that the victim was engaged in an affair. Specifically, defendant was charged by indictment with rape in the first degree, three counts of criminal sexual act in the first degree, aggravated sexual abuse in the third degree, strangulation in the second degree, unlawful imprisonment, assault in the second degree and assault in the third degree. Defendant's defense to the charges was that the acts were all consensual and that the victim had pledged that she would do anything — including replicating with defendant the sexual acts she had engaged in with her paramour — in order to save their relationship. Conversely, the victim denied that the acts defendant perpetrated upon her were consensual in any way and, in fact, produced evidence that as a result of one of defendant's assaults, she suffered physical injuries including a brain bleed. A jury trial was held, and, upon its conclusion, the People moved to dismiss the charge of unlawful imprisonment and to reduce the charge of strangulation in the second degree to criminal obstruction of breathing or blood circulation, which County Court granted. Defendant was thereafter convicted of all charges and was sentenced to an aggregate prison term of 17 years, to be followed by 10 years of postrelease supervision. Defendant did not pursue a direct appeal. He did, however, subsequently move to vacate the judgment of conviction pursuant to CPL 440.10, upon the ground of ineffective assistance of counsel. County Court denied said motion without a hearing. Defendant appeals.
We affirm. Defendant contends that County Court erred in denying his CPL 440.10 motion without a hearing. "[O]n a motion to vacate a judgment of conviction under CPL 440.10, a hearing is only required if the submissions show that the nonrecord facts sought to be established are material and would entitle the defendant to relief. Furthermore, a court may deny a vacatur motion without a hearing if it is based on the defendant's self-serving claims that are contradicted by the record or unsupported by any other evidence" (People v Podeswa, 205 AD3d 1139, 1140-1141 [3d Dept 2022] [internal quotation marks and citations omitted], lv denied 38 NY3d 1135[*2][2022]; see People v Durham, 195 AD3d 1318, 1320 [3d Dept 2021], lv denied 37 NY3d 1160 [2022]).
Defendant asserts that trial counsel was ineffective for failing to: effectively cross-examine the victim; admit into evidence the terms of a stipulation delineating the matters to which the victim's paramour would have testified; and advise him that the decision of his testifying in his own defense ultimately belonged to him. "A criminal defendant is guaranteed the effective assistance of counsel by both the US and NY Constitutions and, pursuant to the more stringent standard under the NY Constitution, receives it when the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation. It is a defendant's burden to show that meaningful representation was not provided and, further, that there were no strategic or other legitimate explanations — i.e., those that would be consistent with the decisions of a reasonably competent attorney — for the alleged deficiencies of counsel" (People v Sposito, 193 AD3d 1236, 1237 [3d Dept 2021] [internal quotation marks and citations omitted], affd 37 NY3d 1149 [2022]; see People v Kellum,233 AD3d 1374, 1381 [3d Dept 2024]).
Initially, with respect to defendant's contention that trial counsel was unable to successfully elicit from the victim every type of sexual activity she engaged in with her paramour or that she had told defendant that she would engage in these same sexual activities with him to save their relationship, trial counsel elicited many of the acts the victim engaged in with her paramour, that she did not verbally express unwillingness to engage in these sexual activities with defendant, and that she was willing to "go to counseling and to work it out." Moreover, when trial counsel attempted to delve into the details of the victim's sexual relations with her paramour, his questioning drew an objection and a lengthy discussion with County Court regarding the rape shield law. Counsel may reasonably have concluded that the admission of additional testimony through this line of questioning was futile. "[A] showing of ineffective assistance requires more than simple disagreement with strategies, tactics or the scope of possible cross-examination" (People v Savoy, 165 AD3d 1498, 1499 [3d Dept 2018] [internal quotation marks and citation omitted], lv denied 34 NY3d 937 [2019]; see People v Richardson, 162 AD3d 1328, 1331-1332 [3d Dept 2018], lv denied 32 NY3d 1128 [2018]). As to defendant's claim that counsel erred in not submitting the stipulation to the jury, defendant failed to show that this was neither a strategic choice by counsel to avoid cumulative evidence — as the victim had previously testified to nearly all of the matters contained in the stipulation — nor a tactical decision to avoid drawing further unwanted attention to the statements and the possibility of providing a motive [*3]for defendant's actions (see People v Kellum,233 AD3d at 1381-1382; People v Henley, 232 AD3d 1117, 1122 [3d Dept 2024]; People v Agan, 207 AD3d 861, 870 [3d Dept 2022], lvs denied 38 NY3d 1186 [2022], 39 NY3d 939 [2022]). Finally, defendant's assertion that he was not advised by counsel that he had the ultimate decision regarding testifying at trial, was supported only by his own self-serving affidavit. Moreover, counsel assigned on this postconviction motion submitted an affidavit recounting that he had contacted trial counsel who stated, when asked about this, "I told him that it was his choice. I absolutely told him this is your call," thus warranting summary denial of this part of his motion (see People v Henley, 232 AD3d at 1122; People v Johnson, 221 AD3d 1172, 1176 [3d Dept 2023], lv denied 41 NY3d 965 [2024]).
We are satisfied that defendant received meaningful representation based on the evidence, the law and the circumstances of the case because counsel, among other things, provided a cogent opening statement and summation, pursued a consistent strategic and plausible defense, made appropriate objections, effectively cross-examined numerous witnesses and called several witnesses. "In short, the Constitution guarantees a defendant a fair trial, not a perfect one" (People v Burns, 188 AD3d 1438, 1440 [3d Dept 2020] [internal quotation marks and citations omitted], lv denied 36 NY3d 1055 [2021]). Thus, County Court properly denied defendant's motion to vacate the judgment of conviction, without a hearing (see People v Kellum,233 AD3d at 1382; People v Sposito, 193 AD3d at 1241).
Egan Jr., J.P., Clark, Fisher and Mackey, JJ., concur.
ORDERED that the order is affirmed.