People v Randolph

2026 NY Slip Op 02483

April 23, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, Respondent,

v

Robert W. Randolph, Appellant.

Decided and Entered:April 23, 2026

CR-23-1527

Calendar Date: March 24, 2026

Before: Clark, J.P., Aarons, Ceresia, Mcshan And Corcoran, JJ.

Christopher Hammond, Cooperstown, for appellant.

F. Paul Battisti, District Attorney, Binghamton (Mary E. Saitta of counsel), for respondent.

[*1]

Ceresia, J.

Appeal from a judgment of the County Court of Broome County (Joseph Cawley, J.), rendered March 3, 2023, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the third degree.

In November 2021, defendant was charged in an 11-count indictment with offenses related to his possession of drugs and drug paraphernalia. Defendant pursued pretrial motion practice, including two unsuccessful applications to dismiss the indictment on statutory speedy trial grounds premised upon the alleged invalidity of the People's certificate of compliance with their discovery obligations under CPL article 245. He thereafter agreed to plead guilty to one count of criminal possession of a controlled substance in the third degree in satisfaction of the indictment upon the understanding that he would be sentenced to a prison term of five years, to be followed by two years of postrelease supervision, that sentence to run consecutively to an unexpired period of parole supervision arising from a prior conviction. The plea agreement also required defendant to waive his right to appeal. County Court imposed the agreed-upon sentence, and this appeal by defendant ensued.

We affirm. To begin, defendant's challenge to his appeal waiver is unavailing. Defendant was advised during the plea colloquy that a waiver of his right to appeal was a condition of the plea agreement, as well as that the right to appeal was separate and distinct from the ones he was giving up by pleading guilty, and he acknowledged that he understood. Defendant also executed a written appeal waiver, and he confirmed during the colloquy that he had signed that "waiver after reviewing it with counsel, who had answered his questions, and that he understood that he was waiving his appellate rights as set forth therein, which also delineated the appellate rights not encompassed by the waiver" (People v Terry, 244 AD3d 1378, 1379 [3d Dept 2025]). The foregoing satisfies us that defendant's waiver of the right to appeal is valid (see id.; People v Fassett, 243 AD3d 1023, 1024 [3d Dept 2025]; People v Lewis, 234 AD3d 1209, 1209-1210 [3d Dept 2025], lv denied 43 NY3d 1009 [2025]).

Defendant argues that his guilty plea was not knowing, voluntary and intelligent because he was not advised of his right against self-incrimination and because his plea allocution was insufficient. This claim survives his appeal waiver, but is unpreserved in the absence of an appropriate postallocution motion that he had sufficient time to make, and the narrow exception to the preservation rule was not triggered (see People v Guilianelle, 233 AD3d 1179, 1180 [3d Dept 2024], lv denied 43 NY3d 1009 [2025]; People v Johnson, 221 AD3d 1172, 1173-1174 [3d Dept 2023], lv denied 41 NY3d 965 [2024]). Upon review of the record, we decline defendant's invitation to take corrective action in the interest of justice (see People v O'Connor, 229 AD3d 1380, 1381 [4th Dept 2024]).

Next, "defendant's challenge [*2]to the validity of the certificate of compliance issued by the People was forfeited by his guilty plea, and his related claim that he was deprived of his statutory right to a speedy trial is precluded by his valid appeal waiver" (People v Martinez, 245 AD3d 1071, 1073-1074 [3d Dept 2026]; see People v Sheehan, 242 AD3d 1260, 1261-1262 [3d Dept 2025], lv denied 44 NY3d 1054 [2025]; People v Berry, 236 AD3d 1199, 1200-1201 [3d Dept 2025], lv denied 44 NY3d 1064 [2026]). His further argument that his constitutional right to a speedy trial was violated survives his guilty plea and appeal waiver, but is unpreserved for our review given his failure to raise it before County Court (see People v Sheehan, 242 AD3d at 1262; People v Rivera, 201 AD3d 1132, 1134 [3d Dept 2022]).FN1 In any event, notwithstanding the fact that defendant was incarcerated for the 16-month period between his initial arrest in August 2021 and his guilty plea in December 2022, the charges against him were serious, the delay was not unreasonable by itself and was partially attributable to his own pretrial motion practice, and he does not allege that his defense was prejudiced by it. Thus, were we to consider the factors set forth in People v Taranovich (37 NY2d 442, 445 [1975]), we would find that defendant was afforded the due process to which he is entitled (see People v Sheehan, 242 AD3d at 1262; People v Hatch, 230 AD3d 908, 914 [3d Dept 2024], lv denied 42 NY3d 1020 [2024]; People v Rivera, 201 AD3d at 1134; People v Arrington, 31 AD3d 801, 802 [3d Dept 2006], lv denied 7 NY3d 865 [2006]).

Clark, J.P., Aarons, McShan and Corcoran, JJ., concur.

ORDERED that the judgment is affirmed.

Footnotes

Footnote 1

Although defendant's notices of motion made reference to seeking dismissal on both statutory and constitutional speedy trial grounds, his arguments were limited to the statutory basis for dismissal (see People v Brown, 167 AD3d 1331, 1333 [3d Dept 2018]).